FRANCIS J. CUNNINGHAM III, Bar No. 60900
DAVID S. BARTELSTONE, Bar No. 222891
CUNNINGHAM & TREADWELL
Warner Center Towers, Suite 840
21800 Oxnard Street
Woodland Hills, California 91367-3640
PH:  (818) 348-1112
FAX: (818) 340-6772
email: mail@ctlaw.cc

Attorneys for Defendant,
WMC MORTGAGE CORP.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE KNAULS,<br><br>Plaintiff,<br><br>vs.<br><br>WMC MORTGAGE; ASC/AMERICA'S SERVICING COMPANY; MORTGAGE LENDERS NETWORK USA INC; COUNTRYWIDE HOME LOANS<br><br>Defendants. | CV NO. 07CV2233-DMS (NLS)<br><br>NOTICE OF MOTION AND MOTION OF WMC MORTGAGE CORP. TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED<br>[F.R.C.P. Rule 12(b)(6)]<br><br>Oral Argument Not Required<br><br>Hearing:<br>Date:       March 7, 2008<br>Time:       1:30 p.m.<br>Courtroom: 10<br><br>Honorable Dana M. Sabraw |

TO THE HONORABLE DANA M. SABRAW, UNITED STATES DISTRICT JUDGE; TO

PLAINTIFF, AND TO ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that on March 7, 2008, at 1:30 p.m., or as soon thereafter as the

matter may be heard, in Courtroom 10 of the above-entitled Court located at 880 Front Street,

San Diego, California 92101, WMC Mortgage Corp. ("WMC") for itself alone and for no other

defendants, will move the Court for an Order dismissing this action pursuant to F.R.C.P. section

12(b)(6) because plaintiff's complaint fails to state a claim upon which relief can be granted, on the

grounds that the plaintiff lacks standing to bring this action, and on the grounds that a 12 C.F.R.

226.23 and a 15 U.S.C 1635(a) violation can only be alleged in a credit transaction in which a

1

security interest is or will be retained or acquired in a consumer's principal dwelling, and there are no allegations that any of the three residences which are allegedly the subject of this action are the plaintiff's principal dwelling.  (See, 12 C.F.R. 226.23 and a 15 U.S.C 1635(a).)

In fact, it is unlikely that all three addresses are each the plaintiff's (i.e., the consumer's), principal residence and there are no allegations that any of the addresses are plaintiff's principal place of residency.  Because the transaction, as a matter of law, was not subject to a right of rescission, no relief can be obtained by plaintiff under the enumerated codes.

The Motions are based upon this Notice, the attached Memorandum of Points and Authorities, the court file herein, and on such other oral and documentary evidence as may be presented at the time of the hearing.

WHEREFORE, WMC respectfully requests that the Court dismiss the within filed Complaint of Donnie Knauls, under Federal Rule of Civil Procedure 12(b)(6), and grant such other and further relief as the Court deems just and proper.

Dated: January 17, 2008                          Respectfully submitted,

                                                 CUNNINGHAM & TREADWELL

                                                 By:_____
                                                    DAVID S. BARTELSTONE
                                                    Attorneys for Defendant,
                                                    WMC MORTGAGE CORP.

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION

Defendant, WMC Mortgage Corp., is believed to have been sued in this action relating to its loan of $344,000.00 to plaintiff, Donnie Knauls, on December 29, 2006, and relating to the real property located at 2360 Cypress Avenue, Lemon Grove, CA , 91945.  It is believed that WMC is being sued for violations of "Regulation Z Truth and Lending Action, Title 5 [sic] U.S.C. section 1635(a), Title 12 C.F.R. 226.23(D)(I)), although due to the completely unintelligible nature of the Complaint, WMC cannot apprise itself of what violations it is alleged to have committed and to what it must defend itself against.

Furthermore, the plaintiff has alleged violations relating to three separate parcels of real property.  Violations of 15 U.S.C. section 1635(a) and Title 12 C.F.R. 226.23(D)(I), can only be alleged on the "consumer's" primary residence.  Without such allegation of the location of his primary residence, plaintiff cannot state a claim, as a matter of law, under the enumerated code sections.

### 2. AGRUMENT

**I.       RULE 12(b)(6).**

Federal Rule of Civil Procedure 12(b) provides that "[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made my motion: . . . (6) failure to state a claim upon which relief can be granted....."  The Court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy.  If the answer is unequivocally, "no", the motion must be granted.  (Conley v. Gibson (1957) 355 U.S. 41, 45-46, 78 S.Ct. 99, 102.)

/ / /

/ / /

/ / /

MO.12(b)(6).wpd

MOTION TO DISMISS [F.R.C.P. 12(b)(6)]

**A.**     **Plaintiff Lacks Standing, and is Not the Proper Real Party Plaintiff-in-Interest, as the Bankruptcy Trustee has Exclusive Authority to Administer Plaintiff's Estate.**

Property of the estate is subject to jurisdiction of the bankruptcy court and is administered over the course of the bankruptcy proceedings by the trustee (Personal and Small Business Bankruptcy Practice in California (Cal CEB 2003, Sec. 6.1, p. 274) ) 11 U.S.C. Section 541 defines "property of the estate" quite broadly to include all of debtor's legal or equitable interests in property, wherever located, including all real and personal property as of the date the bankruptcy petition is filed. (11 U.S.C. section 541(a).) All of the debtor's personal property interests are included in the property of the estate, including any interest the debtor has under a contract. (Id.) Because the plaintiff has filed for bankruptcy protection, as evidenced by the concurrently filed Notice of Bankruptcy, his rights under the alleged loan transaction, and specifically, the promissory note which he executed in favor of WMC, are a part of his bankruptcy estate and are subject to the jurisdiction of the bankruptcy court, and administration by the trustee, not Knauls himself.

Sacks v. Office of Foreign Assets Control (9th Cir. 2006) 466 F.3d 764, 771, has held that a motion to dismiss for failure to state a claim under Rule 12(b)(6) lies where the complaint reveals on its face that the plaintiff lacks standing. Furthermore, Courts are permitted to consider documents that are subject to judicial notice in considering a Rule 12(b)(6) motion. (Mack v. South Bay Beer Distributors, Inc. (9th Cir. 1986) 798 F.2d 1279, 1282.) The Request for Judicial Notice filed in support of this Rule 12(b)(6) Motion has attached to it as Exhibit "2" a true, correct, and complete copy of plaintiff, Knauls', bankruptcy petition filed on January 4, 2008.

The plaintiff, therefore, lacks standing to bring this action, as his property is a part of his bankruptcy estate which is administered by the bankruptcy trustee. Plaintiff is not the proper real party plaintiff-in-interest, and WMC is entitled to have this case dismissed under Rule 12(b)(6).

/ / /

/ / /

/ / /

4

**B.    The Complaint Does Not State a Claim upon Which Relief Can Be Granted as the Plaintiff Has Not Alleged His Principal Place of Residence.**

A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." (Balistreri v. Pacifica Police Dep. (9th Cir. 1990) 901 F.2d 696, 699; Graehling v. Village of Lombard, III. (7th Cir. 1995) 58 F.3d 295, 297.)

> [I]n the case of any consumer credit transaction... in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction...

(See, 15 U.S.C 1635(a).)

> [I]n a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction...

(See, 12 C.F.R. section 226.23(a)(1).)

In this case, plaintiff's Complaint, in its entirety, fails to state a claim for violations of Regulation Z and the Truth and Lending Act, primarily and specifically because there are no allegations that the "credit transaction" in which WMC participated in with plaintiff was for his principal residence. In fact, as the grant deed attached to the request for judicial notice, the plaintiff no longer even owns the Lemon Grove property, which the WMC loan proceeds enabled the plaintiff to purchase the Lemon Grove property in December of 2006. Plaintiff has not alleged that any of the real properties are his principal place of residence, specifically the Lemon Grove property, he cannot, as a matter of law, use the enumerated codes as a basis for his lawsuit.

Because the threshold element of a Regulation Z and Truth in Lending Violation has not been alleged, this Rule 12(b)(6) motion must be granted. Plaintiff is unequivocally not entitled to relief as currently requested.

///

5

MO.12(b)(6).wpd

MOTION TO DISMISS [F.R.C.P. 12(b)(6)]

### 3. **CONCLUSION**

The Complaint lacks any sufficiency, as a matter of law, to support the relief requested by plaintiff, and WMC prays that this court dismiss with prejudice the Complaint, in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: January 23, 2008                    Respectfully submitted,

CUNNINGHAM & TREADWELL

By: _____
DAVID S. BARTELSTONE
Attorneys for Defendant,
WMC MORTGAGE CORP.

6

PROOF OF SERVICE
(1013a (3) CCP)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 21800 Oxnard Street, Suite 840, Woodland Hills, California.

On January 23, 2008, I served the foregoing document described as: **NOTICE OF MOTION AND MOTION OF WMC MORTGAGE CORP. TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** on the interested parties in this action:

( )    by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

( X )    by placing ( ) the original  (X) a true copy thereof enclosed in sealed envelopes addressed as follows:

Donnie Knauls
2360 Cypress Avenue
Lemon Grove, CA 91945

**(X) BY MAIL**
As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

**( ) BY PERSONAL SERVICE**
On the above date, I delivered such envelope(s) by hand to the office(s) of the addressee.

Executed on January 23, 2008, at Woodland Hills, California.

(State)    ( )    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(Federal)    ( X )    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

JULIE DARBYSHIRE