FRANCIS J. CUNNINGHAM III, Bar No. 60900
DAVID S. BARTELSTONE, Bar No. 222891
CUNNINGHAM & TREADWELL
Warner Center Towers, Suite 840
21800 Oxnard Street
Woodland Hills, California 91367-3640
PH:   (818) 348-1112
FAX: (818) 340-6772
email: mail@ctlaw.cc

Attorneys for Defendant,
WMC MORTGAGE CORP.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE KNAULS,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>WMC MORTGAGE; ASC/AMERICA'S SERVICING COMPANY; MORTGAGE LENDERS NETWORK USA INC; COUNTRYWIDE HOME LOANS<br><br>　　　　　　　　Defendants.<br>_____ | CV NO. 07CV2233-DMS (NLS)<br><br>NOTICE OF MOTION AND MOTION OF WMC MORTGAGE CORP. FOR COURT ORDER REQUIRING MORE DEFINITE STATEMENT FROM PLAINTIFF<br><br>[F.R.C.P. Rule 12(e)]<br><br>Oral Argument Not Required<br><br>Hearing:<br>Date:　　　March 7, 2008<br>Time:　　　1:30 p.m.<br>Courtroom: 10<br><br>Honorable Dana M. Sabraw |

TO THE HONORABLE DANA M. SABRAW, UNITED STATES DISTRICT JUDGE; TO PLAINTIFF, AND TO ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that on March 7, 2008, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 10 of the above-entitled Court located at 880 Front Street, San Diego, California 92101, WMC Mortgage Corp. ("WMC") for itself alone and for no other defendants, will move the Court for an Order Requiring a More Definite Statement from plaintiff, pursuant to F.R.C.P. section 12(e) because plaintiff's complaint is completely unintelligible, vague and ambiguous. Plaintiff has mis-cited the United States Code section under which he seeks relief.

1

1 | WMC is informed and believes that plaintiff intended to sue under **15** U.S.C section 1635(a) and not
2 | **5** U.S.C. section 1635(a), speaks of the exercise of his rights under the guidelines of the "United
3 | Nations Convention", "Mixed War" violations, and includes allegations, among others, of
4 | conspiracy, fraud, treason, and racketeering.  The Complaint is so indefinite that WMC cannot
5 | ascertain the nature of the claim being asserted.  WMC cannot apprise itself of what allegations it
6 | must defendant itself, or what claims are actually being asserted by the plaintiff.
7 |     The Motions are based upon this Notice, the attached Memorandum of Points and
8 | Authorities, the court file herein, and on such other oral and documentary evidence as may be
9 | presented at the time of the hearing.
10 |     WHEREFORE, WMC respectfully requests that the Court order plaintiff to provide a more
11 | definite statement under Federal Rule of Civil Procedure 12(e), and grant such other and further
12 | relief as the Court deems just and proper.

Dated: January 23, 2008          Respectfully submitted,

CUNNINGHAM & TREADWELL

By: _____
DAVID S. BARTELSTONE
Attorneys for Defendant,
WMC MORTGAGE CORP.

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

Defendant, WMC Mortgage Corp., is believed to have been sued in this action relating to its loan of $344,000.00 to plaintiff, Donnie Knauls, on December 29, 2006, and relating to the real property located at 2360 Cypress Avenue, Lemon Grove, CA, 91945. It is believed that WMC is being sued for violations of "Regulation Z Truth and Lending Action, Title 5 [sic] U.S.C. section 1635(a), Title 12 C.F.R. 226.23(D)(I)), although due to the completely unintelligible nature of the Complaint, WMC cannot apprise itself of what violations it is alleged to have committed and to what it must defend itself against. It appears at some points in the Complaint that WMC is being sued under the "United Nations Convention", "Domestic Mixed War", conspiracy, treason, racketeering, however there are no specific charging allegations as against WMC.

## 2. ARGUMENT

### I.    Rule 12(e)

A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. In such cases, defendant cannot reasonably be expected to frame a proper response. (See, Famolare, Inc. v. Edison Bros. Stores, Inc. (ED CA 1981) 525 F.Supp. 940, 949; Cellars v. Pacific Coast Packaging, Inc. (ND CA 1999) 189 FRD 575, 578.) A Rule 12(e) motion is a proper means of enforcing Rule 8's requirement that pleadings be "clear and concise." (Anderson v. District Bd of Trustees of Central Florida Comm. College (11th Cir. 1996) 77 F.3d 364, 366.)

#### A.    The Complaint Is Wholly Vague and Unintelligible and Wmc Cannot Properly Defend Itself.

The Complaint alleges the exercise of plaintiff's rights under the guidelines of the "United Nations Convention", "Mixed War" violations, and includes allegations, among others, of conspiracy, fraud, treason, and racketeering. (See, Complaint, p. 5, l. 26, through p. 8, l. 4, inclusive.) The Complaint is so indefinite that WMC cannot ascertain the nature of the claim being asserted.

It appears at some points in the Complaint that WMC is being sued for fraud, (Complaint, p. 6, l. 26; p. 8, l. 3; p. 10, l. 28), however, if that is the case, the allegations of fraud are not stated with near the specificity required of F.R.C.P. section 9. Furthermore, WMC cannot be expected to respond to allegations involving unintelligible allegations including the "United Nations Convention" (Complaint, p. 5, l. 9), "Domestic Mixed War" (Complaint, p. 5, l. 26 through p. 6, l. 12), conspiracy (Complaint, p. 7, ll. 1-9, inclusive), treason (Complaint, p. 7, ll. 1-24, inclusive), racketeering (Complaint, p. 7, l. 26 through p. 8, l. 4), when **there are zero specific charging allegations as against WMC.**

For those reasons, the Court should require a more definite statement and a clear, concise statement of relief from the plaintiff.

### 3. CONCLUSION

The Complaint lacks any sufficiency, as a matter of law, to support the relief requested by plaintiff, and WMC prays that this court order plaintiff to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: January 28, 2008                             CUNNINGHAM & TREADWELL

By:_____
DAVID S. BARTELSTONE
Attorneys for Defendant,
WMC MORTGAGE CORP.

MO.12(e).wpd    MOTION FOR MORE DEFINITE STATEMENT [F.R.C.P. 12(e)]

PROOF OF SERVICE<br/>(1013a (3) CCP)

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 21800 Oxnard Street, Suite 840, Woodland Hills, California.

On January 23, 2008, I served the foregoing document described as: **NOTICE OF MOTION AND MOTION OF WMC MORTGAGE CORP. FOR COURT ORDER REQUIRING MORE DEFINITE STATEMENT FROM PLAINTIFF** on the interested parties in this action:

( )   by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

( X )   by placing ( ) the original  (X) a true copy thereof enclosed in sealed envelopes addressed as follows:

Donnie Knauls
2360 Cypress Avenue
Lemon Grove, CA 91945

**(X) BY MAIL**
As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

**( ) BY PERSONAL SERVICE**
On the above date, I delivered such envelope(s) by hand to the office(s) of the addressee.

Executed on January 23, 2008, at Woodland Hills, California.

(State)   ( )   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(Federal)   ( X )   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
JULIE DARBYSHIRE