LAURA J. PETRIE, ESQ. (BAR NO. 182243)
BARRY GARDNER & KINCANNON
A PROFESSIONAL CORPORATION
5000 BIRCH STREET, SUITE 420
NEWPORT BEACH, CA 92660
PHONE: (949) 851-9111     FAX: (949) 851-3935

ATTORNEYS FOR AMERICA'S SERVICING COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE KNAULS,<br><br>          Plaintiff,<br><br>v.<br><br>WMC MORTGAGE,<br>ASC/AMERICA'S SERVICING<br>COMPANY MORTGAGE LENDERS<br>NETWORK USA INC,<br>COUNTRYWIDE HOME LOANS,<br><br>          Defendants. | Case No. 07CV2233-DMS (NLS)<br><br>DEFENDANT WELLS FARGO BANK NA dba AMERICA'S SERVICING COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) OR IN THE ALTERNATIVE MOTION FOR DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Judge: Hon. Dana M. Sabraw<br><br>Date: April 18, 2008<br>Time: 1:30 p.m.<br>Room: 10 |

TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on April 18, 2008, at 1:30 p.m. or as soon thereafter as the matter may be heard in the above-entitled court, located at 880 Front Street, Courtroom 10, San Diego, CA 92101-8900, Defendant, AMERICA'S SERVICING COMPANY ("ASC") will move to dismiss the action pursuant to FRCP 12(b)(6) because plaintiff's complaint fails to state a claim upon which relief can be granted on

1

the ground that plaintiff's Complaint is completely unintelligible, illogical and nonsensical and thus, fails to state any cognizable legal theory. ASC alternatively moves this court for a Motion for More Definite Statement pursuant to FRCP 12(e) requiring Plaintiff to replead his complaint. ASC hereby submits its Memorandum of Points and Authorities in Support of its' Motion to Dismiss Plaintiff's Complaint against this Defendant or alternatively, its Motion for More Definite Statement pursuant to Federal Rules of Procedure Rules 12(b)(6) and 12(e).

BARRY, GARDNER & KINCANNON
A Professional Corporation

Dated: February 28, 2008          By: _____
                                  Laura J. Petrie, Esq.
                                  Attorneys for Defendant,
                                  WELLS FARGO BANK NA dba
                                  AMERICA'S SERVICING COMPANY

2

DEFENDANT WELLS FARGO BANK NA dba AMERICA'S
SERVICING COMPANY'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) OR IN THE
ALTERNATIVE MOTION FOR DEFINITE STATEMENT                    07CV2233-DMS (NLS)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION.

Plaintiff has brought this action alleging myriad of wrongs by defendant ASC with no logic, rhyme or reason to the allegations. In some instances, the allegations are merely sensational words strung together that make no sense. The complaint "appears" to be for quiet title and violation of 15 USC 1635(a)[1]/12 CFR 226.23(D)(I) as set forth in the title of the document, but throughout the document there is a plethora of ambiguous, unintelligible and superfluous claims, to wit: the complaint also alleges fraud (complaint page 6); conspiracy (complaint page 7); treason (complaint page 7), racketeering (complaint page 7); certain crimes of 18 USC 2122; violation of 18 USC 3571 and 3623, grand theft larceny (complaint page 11); and finally, "100 constitutional violations" - human rights violations (complaint page 11, lines 11-12).

### II.  A MOTION TO DISMISS IS PROPER WHEN PLAINTIFF HAS FAILED TO PLEAD A CLAIM UNDER WHICH RELIEF MAY BE GRANTED.

Federal Rule of Civil Procedure ("FRCP"), Rule 12(b) provides, in pertinent part,

> "the following defenses may at the option of the pleader be made by motion: ...(6) failure to state a claim upon which relief can be granted."

A complaint can be attacked at any time on the ground that it fails to state a claim for relief. FRCP, Rule 12(g)(h). A Rule 12(b)(6) motion is similar to the common law general demurrer because it "tests the legal sufficiency of the claim or claims stated in the complaint." Conley v. Gibson, 355 US 41, 45-46 (1957). The Court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. Id. See also, De La Cruz v. Tormey 582 F2d 45, 48 (9th Cir.1978).

A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."

---

[1] Plaintiff incorrectly cites this section as 5 USC 1635.

3

1  Balistreri v. Pacifica Police Dept., 901 F2d 696, 699 (9th Cir. 1990). In resolving a Rule
2  12(b)(6) motion, the Court must (1) construe the complaint in the light most favorable to
3  the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine
4  whether plaintiff can prove any set of facts to support a claim that would merit relief.
5  Cahill v. Liberty Mut. Ins. Co., 80 F3d 336, 337-338 (9th Cir. 1996).

In the instant case, as set forth in more detail herein, Plaintiff cannot state a claim for any cause of action, even for quiet title or violation of 15 USC 1635(a). Accordingly, Wells Fargo's Motion to Dismiss pursuant to FRCP Rule 12(b)(6) is proper and should be granted.

### III. PLAINTIFF CANNOT STATE A CLAIM FOR VIOLATION OF 15 USC §1635(a)

15 USC 1635(a) provides for rescission of a credit transaction:

> [I]n the case of any consumer credit transaction...in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction....

24 CFR 226.23 also provides such a right:

> [I]n a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction...

Plaintiff has failed to set forth any coherent facts that give rise to a right of rescission. Further, other than allegation that Plaintiff signed loan agreements in and around 2006 and 2007 (complaint page 3, lines 15-17), there are no facts pleaded that would suggest a cognizable credit transaction that would or could even give rise to a right to rescind. Simply put, Plaintiff has not alleged any facts to support a claim for violation of 15 USC 1635(a).

### IV. PLAINTIFF CANNOT STATE A CLAIM FOR QUIET TITLE

CCP 761.020 provides the elements required for pleading a claim for quiet title. It

4

provides:

> The complaint shall be verified and shall include all of the following:
>
> (a) A description of the property that is the subject of the action. In the case of tangible personal property, the description shall include its usual location. In the case of real property, the description shall include both its legal description and its street address or common designation, if any.
>
> (b) The title of the plaintiff as to which a determination under this chapter is sought and the basis of the title. If the title is based upon adverse possession, the complaint shall allege the specific facts constituting the adverse possession.
>
> (c) The adverse claims to the title of the plaintiff against which a determination is sought.
>
> (d) The date as of which the determination is sought. If the determination is sought as of a date other than the date the complaint is filed, the complaint shall include a statement of the reasons why a determination as of that date is sought.
>
> (e) A prayer for the determination of the title of the plaintiff against the adverse claims.

Plaintiff has not alleged any of these elements sufficient to withstand this motion to dismiss. While there are references to real property in the complaint, there is no allegation as to how the quiet title pertains to those properties. Further, there is no allegation as to the title of plaintiff. Again, while plaintiff mentions deeds of trust and loan agreements, no where does it allege that Plaintiff is the actual owner of the properties or the basis of that title. There is also no clear and cogent allegation as to the adverse claim of title to that of plaintiff. There are allegations as to plaintiff awaiting a reconveyance of the property to him, but these allegations, along with the rest of the compliant, make absolutely no sense. (Complaint page 4, lines 26-28). There is an allegation of "domestic mixed war" and the alleged definitions of that term, is this the adverse claim? Plaintiff asserts crimes against humanity, fraud, conspiracy, treason and racketeering, but again, no assertion that these are the claims adverse to plaintiff's title. Plaintiff also fails to plead the element as to when this quiet title determination should be made and fails to pray for such relief. The only relief sought in the prayer is that defendants honor the terms of some mystery settlement agreement between the parties,

5

DEFENDANT WELLS FARGO BANK NA dba AMERICA'S
SERVICING COMPANY'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) OR IN THE
ALTERNATIVE MOTION FOR DEFINITE STATEMENT                    07CV2233-DMS (NLS)

the terms of which are never mentioned.

## V. PLAINTIFF CANNOT STATE A CLAIM FOR ANY OTHER CAUSE OF ACTION.

As to the "grab bag" of other claims asserted by Plaintiff, they simply lack any facts or sufficient legal theory to be adjudged sufficient to state a cause of action. The claims of fraud (complaint page 6); conspiracy (complaint page 7); treason (complaint page 7), racketeering (complaint page 7); certain crimes of 18 USC 2122; violation of 18 USC 3571 and 3623, grand theft larceny (complaint page 11); and finally, "100 constitutional violations" -human rights violations (complaint page 11, lines 11-12) are legally insufficient to withstand this motion to dismiss.

## VI. A MOTION FOR MORE DEFINITE STATEMENT SHOULD BE GRANTED.

As an alternative to ASC's motion to dismiss, it seeks an order for a more definite statement requiring Plaintiff to replead his complaint sufficiently so that ASC can ascertain the nature and quality of Plaintiff's claims.

A Rule 12(e) motion for more definite statement is proper when the complaint is so vague and ambiguous that defendant cannot be reasonably required to frame a responsive pleading. A complaint may state a claim for relief, but may still be so vague and ambiguous as to require that plaintiff provide a more definite statement   A Rule 12(e) motion is also appropriate where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. In such cases, defendant cannot reasonably be expected to frame a proper response. See <u>Famolare, Inc. v. Edison Bros. Stores, Inc.</u> (ED CA 1981) 525 F.Supp. 940, 949; <u>Cellars v. Pacific Coast Packaging, Inc.</u> (ND CA 1999) 189 FRD 575, 578.

As set forth above, Plaintiff has not pleaded the requisite elements for either a cause of action for violation of 15 USC 1635(a) or for quiet title. Further, the allegations that Plaintiff has made are incoherent, unintelligible, vague, ambiguous and simply nonsensical. ASC cannot possibly respond to the complaint as drafted.

6

DEFENDANT WELLS FARGO BANK NA dba AMERICA'S
SERVICING COMPANY'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) OR IN THE
ALTERNATIVE MOTION FOR DEFINITE STATEMENT                    07CV2233-DMS (NLS)

**VII. CONCLUSION.**

In light of the foregoing, plaintiff's complaint must be dismissed or in the alternative, an order for a more definite statement requiring Plaintiff to replead his complaint must be made.

```
                                    BARRY, GARDNER & KINCANNON
                                    A Professional Corporation

Dated: February 28, 2008            By:  _____
                                         Laura J. Petrie, Esq.
                                         Attorneys for Defendant,
                                         WELLS FARGO BANK NA dba
                                         AMERICA'S SERVICING COMPANY
```

H:\3651\0021\Pleading\motion to dismiss-final.wpd

DEFENDANT WELLS FARGO BANK NA dba AMERICA'S
SERVICING COMPANY'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) OR IN THE
ALTERNATIVE MOTION FOR DEFINITE STATEMENT                07CV2233-DMS (NLS)

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 5000 Birch Street, Suite 420, Newport Beach, California, 92660.

On February 28, 2008, I served the foregoing document described as **DEFENDANT WELLS FARGO BANK NA dba AMERICA'S SERVICING COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) OR IN THE ALTERNATIVE MOTION FOR DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Donnie Knauls
2360 Cypress Avenue
Lemon Grove, CA 91945

Attorney for Defendant Countrywide Home Loans, Inc.
Sanford Shatz, Esq.
5220 Las Virgenes Road, MS: AC-11
Calabasas, CA 91302

Attorneys for Defendant
WMC Mortgage Corp.
Francis J. Cunningham III, Esq.
David S. Bartelstone, Esq.
Cunningham & Treadwell
Warner Center Towers, Suite 840
21800 Oxnard Street
Woodland Hills, CA 91367-3640

[X] (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Newport Beach, California. I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service pursuant to which practice the correspondence will be deposited with the U.S. Postal Service this same day in the ordinary course of business.

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 28, 2008, at Newport Beach, California.

_____
Christina Valenzuela

8

DEFENDANT WELLS FARGO BANK NA dba AMERICA'S
SERVICING COMPANY'S NOTICE OF MOTION AND MOTION
TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) OR IN THE
ALTERNATIVE MOTION FOR DEFINITE STATEMENT                07CV2233-DMS (NLS)