# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE KNAULS,<br><br>                    Plaintiff,<br><br>   vs.<br><br>WMC MORTGAGE, ASC/AMERICA'S SERVICING COMPANY MORTGAGE LENDERS NETWORK USA INC, COUNTRYWIDE HOME LOANS,<br><br>                    Defendant. | CASE NO. 07CV2233-DMS (NLS)<br><br>**ORDER GRANTING DEFENDANT WMC'S MOTION TO DISMISS**<br><br>[Doc. 7, 8, 9] |

       Pending before the Court are: (1) Defendant WMC Mortgage Corp ("WMC")'s motion to strike; (2) WMC's motion to dismiss; and (3) WMC's motion for an order requiring a more definite statement from Plaintiff. On March 3, 2008, the Court submitted all three motions without oral argument pursuant to Local Civil Rule 7.1(d)(1). All motions are unopposed. The motion to dismiss is granted, and the motions to strike and for a more definite statement are denied as moot.

       A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep.*, 201 F.2d 696, 699 (9th Cir. 1990). Plaintiff's Complaint alleges several causes of action, including conspiracy, treason, racketeering, domestic mixed war, and violation of "Regulation Z of the Truth in Lending Act." All appear to arise out of a loan which Plaintiff may have attempted to

1  rescind. (Compl. at 4). However, Plaintiff has not alleged any particular facts that amount to a claim. For example, Plaintiff claims Defendants violated 15 U.S.C. § 1365(a) and 12 U.S.C. § 226.23, which confer a right to rescind a loan on a principal dwelling "until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title [], whichever is later...." 15 U.S.C. § 1365(a). This right expires after three years of the consummation of the transaction or sale of the property, whichever occurs first, regardless of whether the disclosures are delivered. 15 U.S.C. § 1635(f). Under this section, lenders must meet certain disclosure requirements, and tender property acquired in the rescinded loan transaction within a certain time.

Even construing the Complaint liberally, it fails to give "fair notice of what the plaintiff's claim is and the grounds upon which it rests" as required by Federal Rule of Civil Procedure 8(a). *See Conley v. Gibson*, 355 U.S. 41, 47-48 (1957) (*overruled on other grounds at Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968 (2007). Plaintiff has not indicated how or when these statutes were violated. Defendants therefore have no notice as to whether they are accused of failing to honor a rescission, failing to disclose the right to rescind, or failing to tender the property acquired in the rescinded loan transaction. Plaintiff has not indicated whether he ever received the disclosures, or whether he attempted to rescind within the initial three days or only within three years. Moreover, Plaintiff has not identified the property at issue, and thus has not indicated that the violation involved a primary residence as required by the statute.

For the reasons set forth above, WMC's motion to dismiss is GRANTED. The claim for violation of the Truth In Lending Act is DISMISSED WITHOUT PREJUDICE. The claims referring to the United Nations Convention, domestic mixed war, treason, racketeering, and criminal penalties are DISMISSED WITH PREJUDICE, since none of those theories confers a right of action under the circumstances. WMC's remaining motions are therefore DENIED as moot.

Plaintiff may file an amended complaint on or before March 24, 2008, which shall contain a short and plain statement of the facts giving rise to his Truth in Lending allegation. For example, if appropriate, he shall allege the dates and times of the transactions giving rise to his claim, the location

of the subject property or properties, and the specific facts that he alleges constitute violations of the Truth in Lending Act. Any amended complaint shall omit references to the United Nations Convention, domestic mixed war, treason, racketeering, and criminal penalties.[1]

**IT IS SO ORDERED.**

DATED:  March 13, 2008

_____
HON. DANA M. SABRAW
United States District Judge

---

[1] *See Moore v. Agency of Int'l Develop.*, 994 F.2d 874, 877 (D.C. Cir. 1993) (the "district court should give the *pro se* litigant at least minimal notice of our pleading requirements.")

- 3 -                                                                                                 07CV2233