FILED

08 MAR 24 PM 4:03

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

Donnie Knauls
2360 Cypress Avenue
Lemon Grove, CA 91945

# THE UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Donnie Knauls, | Case No: 07 CV 2233 DMS |
| Plaintiff, | (NLS)_____ |
| Vs. | AMENDED **Complaint to Action of Quiet Title. Title 5 USC section 1635(a)Title12 CFR 226.23(D)(I)** LIS PENDIN |
| WMC MORTGAGE, | |
| ASC/AMERICA'S SERVICING COMPANY | **Violation of GAAP** |
| MORTGAGE LENDERS NETWORK USA INC , | **Opposition of Defendants** |
| COUNTRYWIDE HOME LOANS, | **motion, Motion To Dismiss.** |
| Defendant(S) | |

"Here comes the, Donnie Knauls-Secure Party, bringing this Amended complaint/ Action to Quiet Title/ Failure to Give Full Disclosure of Regulation Z Truth and Lending Act and Predatory Lending. Violation of Generally Accepted Accounting Principles, Uniform Commercial Code, Violation of HJR-192, Failure to give consideration. Lis Penden. This controversy is over Three Hundred Thousand Dollars and it also involves real property(S); located at **1320 HARBIN ROAD SW, Atlanta, GA 30311, Loan #2020042841, LN# 1115013129 AND LN# 1115013130.**

**545 W. 115TH ST Los Angeles, CA 90044 Loan #0101928836**

2360 CYPRESS AVENUE,LEMON GROVE, CA 91945-Loan #0021862040 and
LN# 11776325 Invasion of Regulation Z of the Truth in Lending ACT,
Title 5 USC(a) Title 12 CFR 226.23 (D)(I), HJR-192 AND UCC.


## Jurisdiction of the Court


**Judicial Notice:** Donnie R. Knauls (as the Real Party in
Interest) notice, regardless if deemed in-artfully plead, must
be held to a less stringent standard than formal pleadings
drafted by bar-admitted attorneys and **can only be dismissed for
failure to state a claim if it appears beyond a doubt that
Donnie R. Knauls can prove no set of facts in support of [his]
claims which would entitle him to relief.”**  [in the nature of
Haines v. Kerner, 404 U.S., 519-521; Richardson v. Flemming, 651
F 2d at 368 (quoting Estelle v. Gamble, 429 U.S. 97, 97 S.Ct.
285, 50 L.Ed.2d. 251, (1976); Conley v. Gibson, 355 U.S. 41, 78
S. Ct. 99, 2 L.Ed.2d 80 (1957); Alexander v Ware, 714 F.2d 416
(1983); Hayes v Western Weighing and Inspection Bureau, 838
F.2d. 1434 (5th Cir. 1988))]. Donnie R. Knaul's factual
allegations in the text must be accepted as true, along with any
reasonable inferences that may be drawn there from. [in the
nature of Ryland v. Shapiro, 708 F.2d. 987 (5th Cir.1983)].
Donnie R. Knaul's petition must not be read “too narrowly”, but
must instead be read “liberally” so that any inferences may be
drawn there from.  [in the nature of Bruce v. Wade, 537 F.2d.850
(5th Cir.1976)].

1    The jurisdiction of this subject matter involves real
2  property, Predatory Lending, constructive fraud, misinformation,
3  via failure to give full disclosure of contract- no risk /
4  unlawful contract a violation of Regulation Z of the Truth and
5  Lending Act.  In further notice of jurisdiction and judicial
6  notice the, Donnie Knauls, reserves all rights, waiver of none
7  ever and demanded cease and desist until defendant has filed
8  with the U S District court the original alleged loan documents
9  showing signatures in blue ink for all transactions proving
10  lender(s) / defendants are in possession of such proving Lenders
11  have not already sold the loans and received payment of 80%-90%
12  of loan value either by federal reserve notes or credits from
13  another institution and to prove that a lawful contract exits or
14  a  right of collection of debt/property to alleged Lender(s) is
15  warranted due to no signature of lenders on original loan
16  agreement(s).  A claim of relief can be granted under the
17  Bankruptcy Reform Act and a certificate of rescission or
18  reconveyance with prejudice by defendant(s) to lawful owner
19  **Donnie R. Knauls due to Plaintiff being the only party to accept**
20  **any risk of contract on and the only party to provide substance**
21  **via legal tender towards above listed alleged loans.  Violations**
22  **of the Truth in Lending Act, GAAP and Uniform Commercial Code.**
23
24    **Wherefor**e, that this district court is mandated pursuant to
25  the Supplemental Rules of Admiralty and the Law of Nations, Law
26  and Justice supra., for an inquiry into all the matters herein
27  sworn to by the Petitioner/Claimant, - Donnie Knauls secure
28  party, with a report of its findings pursuant to Libel of

First AMENDED Action to Quiet Title Action  3

1 | Review, If upon its findings and conclusions, pursuant to Law,
2 | Justice and Fact, it is found that Petitioners/Claimant's claims
3 | are well founded, then in the interest of Law and Justice:
4 | that, (1) The court Notify Defendant(s), to return all
5 | properties (monies) received from Petitioners/Claimant's
6 | fiduciaries and the like; (2) Remove all Notices of Liens on
7 | record; or (5) The Respondents / Defendants refuse such notice
8 | by the court, that Defendant(s) be cited to appear and answer
9 | the allegations of this complaint; that said complaint shall be
10 | reviewed In the amended original and not be dismissed.

12 | Jurisdiction pursuant to the Federal Tort Claim Act, which
13 | grants jurisdiction over subject matter of criminal elements,
14 | and the United States District Court has original jurisdiction
15 | pursuant to 28 U.S.C., Cal 251, scope and extent of jurisdiction
16 | of Federal Court and thus grounds, which governs jurisdiction
17 | and remedies under Title 42, 1983 and 1984 is operational under
18 | the color of State Law and offices. The original jurisdiction
19 | was granted to the United States District Court Common Law
20 | Jurisdiction by Article III, section 2; judicial power of the
21 | United States shall be vested in the Supreme Court by the
22 | Constitution for the united States of America.  The Amendments
23 | without qualification petition relief upon the Constitution and
24 | demands Jury Trial.

26 | **COMES NOW** Donnie Knauls, a living, breathing, natural born, free
27 | Sovereign American Citizen, *sui juris*, PLAINTIFF AND SECURE
28 | PARTY hereby respectfully moves this Court to uphold his

Constitutionally guaranteed Right to due process of law and to provide him with trial by jury for the following lawful reasons:

1. PLAINTIFF, Donnie Knauls, an American Citizen, is guaranteed the Right to **trial by jury**, pursuant to the Sixth Amendment of the National Constitution, and pursuant to the California Constitution.

2. PLAINTIFF, Donnie Knauls hereby claims, exercises and demands his Constitutional Right to trial by jury pursuant to both the National and CALIFORNIA Constitution; and further, informs this Court that trial by jury is an indispensable component of due process of law. Thus, any court which fails to provide trial by jury, fails the test of due process, has no lawful jurisdiction to hear the matter in controversy, and any judgment rendered thereby is null and void, without lawful force and effect, whatsoever. **See** *World Wide Volkswagon v. Woodsen*, 444 U.S. 286, 291; *National Bank v. Wiley*, 195 US 257; *Pennoyer v. Neff*, 95 US 714.

**WHEREFORE,** DONNIE KNAULS, respectfully moves this Court, pursuant to the presiding judge's oath, to uphold and provide his Constitutionally guaranteed Rights to trial by jury if satisfaction of plaintiff is not upheld and due process of law.

**Parties of Interest**

Plaintiff is, Donnie Knauls.

Defendant(s) are:

**ASC/AMERICA'S SERVICING COMPANY** POBox 10328 Des Moines, IA 50306

**MORTGAGE LENDERS NETWORK USA INC,** 213 Court St. Middletown CT 06457

SHUFING, MORSE & ROSS, LLP 6259 Riverdale RD Riverdale, GA 30274

**LITTON LOAN SERVICING,** 4828 Loop Central Drive, Houston, TX 77081

**WMC MORTGAGE,** 600 ANTON Blvd. Ste.1900 Costa Mesa, CA 92626

COUNTRYWIDE HOME LOANS, 450 American ST. Simi Valley, CA 93065

**AMC MORTGAGE SERVICES,** PO BOX 11000, Santa Ana, CA 92711

**Cunningham & Treadwell Attorneys- John Does 1-10,**

21800 OXNARD ST. WOODLAND HILLS, CA 91367

**SHAPIRO & SWERTFEGER, LLP & PHILLIP A. HASTY & John Does 1-10,**

2672 WOODCOCK BLVD SUITE 100 ATLANTA, GEORGIA 30341

Terri Madrid & **Sanford Shatz State bar No. 127229.**

5220 Las Virgenes Road, MS: AC-11 Calabasas, CA 91302

**Wells Fargo Bank** dba ASC and attorneys **Laura J. Petrie** (182243)

/ BARRY GARDNER & KINCANNON (& John does 1-20) A Professional

Corporation 5000 Birch Street, Suite 420 Newport Beach, Ca 92660


**Fact**

In and around the years 2006 and 2007 agreement were made

between the, defendants listed above, and the Purchaser,

Donnie Knauls.  The Purchaser, Donnie Knauls **in good faith**

**signed the loan agreements but has since learned of the many**

**Predatory facets of the above listed loans by defendants (lack**

**of consideration, unjust profit, behind doors intra-trading , no**

First AMENDED Action to Quiet Title Action  6

notarized signature of Lender(s) creating a lawful contract, No loan of Lenders Assets proving the Lender(s) took no risk in the alleged loan transaction. **These facts and others are to be brought forth in a jury trial in this United States District Court, unless DEFENDANT(S) right the wrong by giving a Reconveyance of said property to the lawful owner Donnie Knauls the Secure Party and only party to invest legal tender (first and Second Promissory notes and Federal Reserve Notes) in loan transaction, forthwith.** Wherefore the defendant(s) and all parties of interest have **Failed to give full disclosure of contract according to the Truth and Lending Act and Regulation Z**, GAAP, HJR-192, UCC and have currently been served. **Challenge is made to all Defendants to bring forth the Original Promissory Note** signed in Blue Ink by Donnie Knauls to prove that a debt does exist and DONNIE KNAULS, PLAINTIFF DEMANDS **that the international maritime contract to which I am supposedly a party and which I supposedly have breached, be placed into evidence AND PROVE, OTHER THAN DONNIE KNAULS WHO ARE THE PARTIES OF REAL INTEREST,** and that the **The Plaintiff  is not using the credit application form or the Note to persuade and deceive the Plaintiff into believing that the opposite occurred; that the Defendant(s) were not  the  borrower and the Plaintiff the true lender.** The following point is

undisputed:  The Plaintiffs' loan of his credit to defendant(s), was issued and paid from his deposit or credit account to defendant(s), this became money in the Federal Reserve System (subject to a reduction of up to ten percent for reserve requirements) as the newly issued credit was paid pursuant to written orders, including checks and wire transfers, to sellers of goods and services for the account of Plaintiff. **Still further, it is unlawful for any bank to lend its credit or to act as guarantor for another.  A bank may lend its funds or assets, but not its credit.  See:  Title 12 U.S.C. § 24.** See Exhibit 4: Affidavit of Walker Todd- Expert Witness.

Donnie Knauls is demanding the full Reconveyance of the Deed of Trust of said property by the President or Vice President of ASC/AMERICA'S SERVICING COMPANY, MORTGAGE LENDERS NETWORK USA INC , SHUFING,MORSE & ROSS, LITTON LOAN SERVICING, WMC MORTGAGE, COUNTRYWIDE HOME LOANS, AMC MORTGAGE SERVICES, **Cunningham & Treadwell Attorney John Does 1-10, SHAPIRO & SWERTFEGER, LLP & PHILLIP A. HASTY & John Does 1-10,** Terri Madrid & **Sanford Shatz State bar No. 127229.** **Wells Fargo Bank** dba ASC and attorneys **Laura J. Petrie** (182243) / BARRY GARDNER & KINCANNON.

The affirmative fact, due to the Predatory Practices and Dishonor mentioned in the above and pursuant to our settlement agreement, CEASE AND DESIST ORDER and stipulations below, that

1  any dishonor/ arguments the purchaser/grantor can regain his/her

2  rights, **the original signature on the Deed of Trust(s) of**

3  **TRUSTOR DONNIE KNAULS making lender(s) beneficiary and giving**

4  **them choice of trustee is rescinded, the beneficiary of all**

5  **alleged loan transactions is Donnie Knauls** and the Trustee is

6  Donnie Knauls.   See exhibit 1.a b & c.

7

8     The ultimate fact due to the Predatory, unethical and

9  outrageous business practices of the DEFENDANTS and it's

10  Cohorts. Donnie Knauls, in his own stead, gave notice of

11  rescission of the Deed of Trust under the statutes of fraud and

12  also due **to breach of agreement/dishonor of the administrative**

13  **process, in which Donnie Knauls did request DEFENDANTS, their**

14  **Co-horts Attorneys etc, to answer point for point under their**

15  **full commercial liability  and under penalty of perjury and**

16  **signed before a Notary an answer of all the enclosed in original**

17  **complaint within 10 days of receipt of Quiet Title Lis Penden:**

18  ASC/AMERICA'S SERVICING COMPANY , MORTGAGE LENDERS NETWORK USA INC

19  , SHUFING,MORSE & ROSS, LITTON LOAN SERVICING, WMC MORTGAGE,

20  COUNTRYWIDE HOME LOANS, AMC MORTGAGE SERVICES, **Cunningham &**

21  **Treadwell Attorney John Does 1-10, SHAPIRO & SWERTFEGER, LLP &**

22  **PHILLIP A. HASTY & John Does 1-10,** Terri Madrid & **Sanford Shatz**

23  **State bar No. 127229. Wells Fargo Bank** dba ASC and attorneys

24  **Laura J. Petrie** (182243) / BARRY GARDNER & KINCANNON.

25

26     The ultimate fact is that the DEFENDANTS are using all types of

27  Slander of the Petitioner, Donnie Knauls, and are handling this

28

instant matter in a non professional way, nor settling the instant

matter with the petitioner.

I, Donnie Knauls, give notice of the affirmative fact that there was

a commercial dishonor, for which I exercised my rights by using the

guidelines of the Uniform Commercial Code via second Promissory Note

and **of discharge according to UCC 3-603 ie: If tender of payment of an**

**obligation to pay an instrument is made to a person entitled to**

**enforce the instrument, the effect of tender is governed by the**

**principles of law applicable to tender of payment under a simple**

**contract.**

**<u>Judicial Notice</u> of Challenge to all Defendants to prove and**

**sign under penalty of Perjury and your full Commercial**

**Liability, before a Notary Within 10 days of service of this**

**amended quiet title, that the first and second Promissory**

**note(s) and now the third legal tender (Bill of Exchange)are not**

**legal tender for the discharge of Debt under HJR-192.**

Your silence is your acquiescence. See: *Connally v. General*

*Construction Co.*, 269 U.S. 385, 391. Notification of legal

responsibility is "the first essential of due process of law." Also,

see: *U.S. v. Tweel*, 550 F. 2d. 297. "Silence can only be equated

with fraud where there is a legal or moral duty to speak or where an

inquiry left unanswered would be intentionally misleading."


Pursuant to Defendant(s) Lender(s) demand Donnie Knauls to pay a debt

and in accord with current Public Policy at House Joint Resolution 192 passed

by the 73rd Congress of the United States, 1st session on June 5, 1933 at 4:40

1  P.M., hereinafter referred to as "HJR 192", with said resolution having never

2  been repealed and still being in full force and effect, and in accord with

3  both the Uniform Commercial Code and the California Code Annotated concerning

4  the discharge of debts, Donnie Knauls acting in good faith, with clean hands

5  and at arm's length, is hereby and herein again tendering payment of a debt

6  in the various amounts in full compliance and full satisfaction of said

7  Lender demands.

8       In as much as no lawful money of account exists in circulation, and

9  pursuant to current Public Policy at HJR 192, DONNIE KNAULS has no money with

10 which to pay a debt, he has had to resort to tendering a negotiable

11 instrument, pursuant to the Uniform Commercial Code at Article 3, Part 6,

12 Section 3-603, in order to be in compliance with lenders demands.

13      As you will note, pursuant to the UCC Article 3, Part 1, Section 3-104

14 the attached promissory note/Bill of Exchange is a negotiable instrument and

15 clearly satisfies the requirements of above listed Lender(s) demand to pay a

16 debt.  Said promissory note/Bill of Exchange is being tendered in good faith,

17 with clean hands and at arm's length, and is not a dishonor of said alleged

18 debt.

19

20 Attachment:    Negotiable instrument(s) in the form of a Bill of

21 Exchange to: 1. Mortgage Lenders Network and ASC LOAN #'S

22 2020042841& ASC#1115013130 for $200,000.00 2. WMC / COUNTRYWIDE

23 HOME LOANS Loan #074480251 for $350,000.00. 3. Countrywide Home

24 Loans DBA America's Wholesale Lender loan #171635446. Signed in

25 blue ink in the amount of total respective alleged debt(s),

26 payable from the Secretary of the Treasury as an Obligation of

27 the United States, being due and payable.

28

This Third tender/discharge note has named the prior ruling judge of United States District Court as fiduciary (not as a means to cause trouble) but so as to have validation of the lawful procedure(s) according to the Uniform Commercial Code and so as to know first hand of any and all discharge / obligations according to law, or of the dishonor of the presented Bill of Exchange and therefore its prescribed lawful results/obligation(s) according to Public Law 73-10, House Joint Resolution of 1933, title 31 USC and UCC 3-603 Exhibit 3-A, B & C.  IE; **U.C.C. - ARTICLE 3 - NEGOTIABLE INSTRUMENTS ..PART 6. DISCHARGE AND PAYMENT**

## § 3-104. NEGOTIABLE INSTRUMENT.

- (a) Except as provided in subsections (c) and (d), **"negotiable instrument"** means an unconditional <u>promise</u> or <u>order</u> to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:
    - ○ (1) is payable to bearer or to <u>order</u> at the time it is <u>issued</u> or first comes into possession of a holder;
    - ○ (2) is payable on demand or at a definite time; and
    - ○ (3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the <u>promise</u> or <u>order</u> may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment, (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral, or (iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor.
- (b) **"Instrument"** means a <u>negotiable instrument</u>.
- (c) An <u>order</u> that meets all of the requirements of subsection (a), except paragraph (1), and otherwise falls within the definition of "check" in subsection (f) is a <u>negotiable instrument</u> and a <u>check</u>.
- (d) A <u>promise</u> or <u>order</u> other than a <u>check</u> is not an <u>instrument</u> if, at the time it is <u>issued</u> or first comes into possession of a holder, it contains a conspicuous statement, however expressed, to the effect that the promise or order is not negotiable or is not an instrument governed by this Article.
- (e) An <u>instrument</u> is a **"note"** if it is a <u>promise</u> and is a **"draft"** if it is an <u>order</u>. If an instrument falls within the definition of both "note" and "draft," a <u>person entitled to enforce</u> the instrument may treat it as either.

## § 3-603. TENDER OF PAYMENT.

- (a) If tender of payment of an obligation to pay an <u>instrument</u> is made to a <u>person entitled to enforce</u> the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.
- (b) If tender of payment of an obligation to pay an <u>instrument</u> is made to a <u>person entitled to enforce</u> the instrument and the tender is refused, there is discharge, to the extent of the

amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates.

• (c) If tender of payment of an amount due on an instrument is made to a person entitled to enforce the instrument, the obligation of the obligor to pay interest after the due date on the amount tendered is discharged. If presentment is required with respect to an instrument and the obligor is able and ready to pay on the due date at every place of payment stated in the instrument, the obligor is deemed to have made tender of payment on the due date to the person entitled to enforce the instrument.

Therefore not only was/is there invasion of the UCC, but there was also an invasion of Regulation Z of the Truth in Lending Act.. Otherwise this means that there is no way for me to legally tender my debts, and no-one can use House Joint Resolution-192 to discharge any debts or obligations, public or private according to HJR 192.

**The DEFENDANT(S) in fact never lent any of its own pre-existing money, credit, or assets as consideration to the purchase. *The Note or credit agreement from the PLAINTIFF was/is the legal tender of consideration.*** When the bank does the forgoing, then in that event, there is an utter ***failure of consideration*** for the "loan contract".) When the DEFENDANTS deposited the PLAINTIFFS' $300,000 (AVG) of newly issued credit into an account, the DEFENDANT created from $290,000 to $300,000 of new money (the nominal principal amount less up to ten percent of reserves that the Federal Reserve would require against a demand deposit of this size). The DEFENDANT(s) received $300,000 of credit or money of account ***from the PLAINTIFF*** as an asset.  **GAAP** ordinarily would require that the DEFENDANT record a liability account, crediting the PLAINTIFF'S deposit account, showing that the DEFENDANT owes

$300,000 of money to the PLAINTIFF, just as if the PLAINTIFF were to deposit cash or a payroll check into their account – THIS WAS NOT DONE AND THEREFORE A VIOLATION OF LENDERS OF GAAP.

The Defendant(s) refused to lend the Plaintiff Defendants own money or assets and recorded a $300,000 (avg) loan from the Defendant(s) to the Plaintiff, which arguably was truly a $300,000 deposit of money of account by the Plaintiff.

Due to this outrageous and unethical behavior and fraudulent business practices of these named DEFENDANTS, the public at large is and continues to be in jeopardy.  I, Donnie Knauls, bring forth this information to the U.S. District Court for a possible Grand Jury Review and possible indictments.

Title 18 USC sec 513 mentions: "Whoever makes, utters, or possesses a counterfeited security of a State or political subdivision thereof or of an organization, or whoever makes, utters, or possesses a forged security of a state or political subdivision thereof, or organization with intent to deceive another person, organization, or government shall be fined not more than $250,000 or imprisoned not more than ten (10) years or both." **Among securities defined at 18 USC sec 2311 is included: "evidence" of indebtedness, which in a broad sense may mean anything that is due and owing, which would include a duty, obligation, or right of action. The Defendants are holding and thus stealing the Security / Promissory Note(s) received by defendants and knew or should have known of by:** ASC/AMERICA'S SERVICING COMPANY MORTGAGE LENDERS NETWORK USA INC, SHUFING, MORSE & ROSS, LITTON LOAN SERVICING, WMC MORTGAGE Corp, COUNTRYWIDE HOME LOANS, AMC MORTGAGE SERVICES, SANFORD SHATZ, Cunningham & Treadwell

attorneys (FRANCEIS J. CUNNINGHAM III, DAVID S. BARTELSTONE & JOHN DOES 1-100) at law **Cunningham & Treadwell Attorneys John Does 1-10, SHAPIRO & SWERTFEGER, LLP & PHILLIP A. HASTY & John Does 1-10,** Terri Madrid & **Sanford Shatz (SBN 127229), Wells Fargo Bank** dba ASC and attorneys **Laura J. Petrie** (SBN 182243) / BARRY GARDNER & KINCANNON, **on or about December 12, 2007. The Defendant and their Co-horts duty(s) was/is to deposit the second (now third) Promissory note/Bill of Exchange within 15 days to the Federal Window, receive their Credit there-from and re-convey the property(s) to DONNIE R. KNAULS who has 100% interest in the above stated property(s), due to the discharging of the debt according to House Joint Resolution 192 and UCC 3-603 which states:**

## § 3-603. TENDER OF PAYMENT.

- (a) If tender of payment of an obligation to pay an <u>instrument</u> is made to a <u>person entitled to enforce</u> the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.
- (b) If tender of payment of an obligation to pay an <u>instrument</u> is made to a <u>person entitled to enforce</u> the instrument **<u>and the tender is refused, there is discharge.</u>** to the extent of the amount of the tender, of the obligation of an <u>indorser</u> or accommodation <u>party having a right of recourse with respect to the obligation to which the instrument relates.</u>
- (c) If tender of payment of an amount due on an <u>instrument</u> is made to a <u>person entitled to enforce</u> the instrument, the obligation of the obligor to pay interest after the due date on the amount tendered is discharged. If <u>presentment</u> is required with respect to an instrument and the obligor is able and ready to pay on the due date at every place of payment stated in the instrument, the obligor is deemed to have made tender of payment on the due date to the person entitled to enforce the instrument.
- (e) An <u>instrument</u> is a **"note"** if it is a <u>promise</u> and is a **"draft"** if it is an <u>order</u>. If an instrument falls within the definition of both "note" and "draft," a <u>person entitled to enforce</u> the instrument may treat it as either.

### Waiver of Contractual Right

I, Donnie Knauls, shall not be deemed to have waived any right under this agreement unless such waiver is given in writing and signed

by the Petitioner.  The failure of either party to enforce one or more provisions of this agreement shall not be construed as a waiver or limitation of that Party's right agreement.  No delay or omission on the part of the Petitioner in exercising a right shall operate as waiver of such right or any other right.  A waiver by the Petitioner of a provision of this agreement shall not prejudice or constitute a waiver of the Secured Party's right otherwise to demand strict compliance with that provision or any other provision of this agreement.  No prior waiver by Donnie Knauls nor any course of dealing between Donnie Knauls, and the Debtor, The President/ Vice President of the defendant company's, shall constitute a waiver of the Secured Party's rights or of Debtor obligations under this agreement as to future transactions, whenever the consent is required under this agreement, the granting of such consent by the Petitioner in one instance shall not constitute consent over the whole.

The affirmative fact, that I, Donnie Knauls, further have reason to believe that the general public and the public at large are in jeopardy due to these **Predatory, fraudulent, Unethical business practices of Defendants and its Cohorts** and the President and Vice President of **ASC/AMERICA'S SERVICING COMPANY, MORTGAGE LENDERS NETWORK USA INC , SHUFING,MORSE & ROSS, LITTON LOAN SERVICING, WMC MORTGAGE, COUNTRYWIDE HOME LOANS, AMC MORTGAGE SERVICES, willful refusal to give full disclosure pursuant to Regulation Z of the Truth in Lending Act, GAAP AND that there is no real and Lawful Money (HJR-192) and I am expecting Relief under said act.**  This is the reason I, Donnie

1   Knauls honor the defendant's mutual administrative settlement
2   agreement herein and stipulations to have filed, a Quiet title
3   Lis Penden, under the rules of the common law, to test the
4   Validity and **let the Jury make the Determination whether there**
5   **is a Breach of Contract between the Purchaser/Grantor and the**
6   **Seller/Grantee.** The Quiet title is also to test whether there
7   was a breach of agreement or a breach of duty of DEFENDANTS to
8   give discharge and give full Reconveyance of the property(s).
9   And to Further Test the Validity of whether the President/ Vice
10  President of DEFENDANTS and/or Co-horts have the right to
11  enforce an acceleration clause that is on the deed of trust,
12  when the right of the 3 year rescission was dishonored by
13  DEFENDANTS, because there is evidence that the defendant/
14  DEFENDANTS never signed the original alleged loan documents nor
15  gave full disclosure nor acknowledged discharge due to lawful
16  tender and also among other things to be submitted to the jury
17  at trial, nor loaned anything of substance to Donnie Knauls.
18          The DEFENDANTS failed to respond point for point
19  within the 30 days or cancel the transaction and convey the
20  property(s) without prejudice to the original Trustor Donnie
21  Knauls. DEFENDANTS willfully failed to give full disclosure,
22  according to GAAP and the Regulation Z Truth and Lending Act, of
23  check book credit/ credit debit, a.k.a. letter of credit (bill
24  of credit) and they defaulted to have an independent, certified
25  accountant to review if lawful money was originally loaned nor
26  bring forth the original promissory note to prove that a debt in
27  fact is owed them via contract with Donnie Knauls and to see if
28

1  there was clean hands in the above matter and if lawful

2  consideration was given.

4       The, Donnie Knauls further affirms and is informed that the

5  president/ vice president of DEFENDANTS and their CO-HORTS

6  continue to this day to refuse to give satisfaction.

## Statement of Cause

9       The Donnie Knauls further informs the U S DISTRICT COURT

10 that the affirmative fact is that the President/ Vice President

11 of, DEFENDANTS and cohorts, **also failed to disclose that the**

12 **original loan was created by a check book entry, which may be**

13 **sold in the open market as a promissory note with no**

14 **consideration to the plaintiff.**  The defendant further failed to

15 disclose the plaintiff would be converted into just a joint

16 tenant for 30 years.

17      The, Donnie Knauls, in his own stead, rescinds the loan

18 contract due to constructive fraud and usury, and also due to

19 Predatory and Unethical business practices, and furthermore

20 **demands a jury trial** for relief.

## Judicial Notice: of How a Claim of Relief Can be Granted

24 A)    The , Donnie Knauls gives **Judicial Notice to the United**

25 **States District Court that relief can only be granted A)**

26 **Regulation Z of the Truth in Lending Act Title 5 USC Section**

27 **1635 (A) and the Title 12 CFR 226.23 (d)(I), 9th Circuit ruling**

28 **in Yamamoto v. Bank of New York, 329 F3d 1167. per Regulation Z**

1  **Action for <u>rescission and Replevin AND discharge is further</u>**

2  **<u>Authorized Per House Joint Resolution-192/ the Emergency</u>**

3  **<u>Bankruptcy of 1933.</u>**

4  B) A full and total Reconveyance to Donnie Knauls with prejudice

5  the real true party in interest and/or a full reimbursement of

6  all federal reserve notes that plaintiff has tendered towards

7  the above listed alleged loans.

8

9  **C) Under the Settlement agreement and the stipulations between**

10  **the parties, Donnie Knauls and the President/ Vice President of**

11  ASC/AMERICA'S SERVICING COMPANY, MORTGAGE LENDERS NETWORK USA INC ,

12  SHUFING,MORSE & ROSS, LITTON LOAN SERVICING, WMC MORTGAGE,

13  COUNTRYWIDE HOME LOANS, AMC MORTGAGE SERVICES, Wells Fargo.

14

15      **Judicial Notice,** the plaintiff Donnie Knauls, anticipates

16  AND HAS RECEIVED dishonor of/by the President/ Vice President of

17  DEFENDANTS and its attorneys, to continue to dishonor via

18  harassment of and by threatening of non-judicial foreclosure by

19  an appointed trustee(s) who have/has been fired and replaced by

20  original TRUSTOR with a Beneficiary and Trustee of TRUSTOR'S

21  choice.

22

23                          **Conclusion**

24      Donnie Knauls, further anticipates that the President/ Vice

25  President of DEFENDANTS and their third party Co-HORTS will take

26  no notice of administrative settlement agreement between the

27  parties, in an attempt to cover up their predatory dealings and

28  Plaintiff hereby request an order for Reconveyance without

Prejudice to Donnie R. Knauls due to defendants failure to honor all the above nor answer point for point, signed under penalty of perjury etc, nor bring forth original loan agreement to prove a contractual debt, nor Adjust the account according to HJR 192 AND the Uniform Commercial Code.    JUDICIAL NOTICE:

**The DEFENDANT(S) is using the credit application form or the Original Promissory Note to persuade and deceive the PLAINTIFF into believing that the opposite occurred and that the PLAINTIFFS were the borrower and not the lender.** The following point is undisputed:   The Plaintiff's loan of their credit to Defendant, when issued and paid from their deposit or credit account at Defendant(s) became money in the Federal Reserve System (subject to a reduction of up to ten percent for reserve requirements) as the newly issued credit was paid pursuant to written orders.


### PRAYER

1) Request to the Court that the President/ Vice President of DEFENDANTS honor the terms and conditions of the settlement agreement between the parties to **Stay of all predatory and dishonorable / non-judicial foreclosure proceedings, stay of harassment of the defendant by its silent third party partners.**

2) Request to the Court that the President/ Vice President of DEFENDANTS honor the terms and conditions of the settlement

agreement between the parties / and request for four times the
amount of the continued demanded (debt) claimed by Defendant(s).

3) Request to the Court that the President/ Vice President of
DEFENDANTS give full disclosure pursuant to Regulation Z of the
Truth-in-Lending Act, that there were no Predatory practices at
will (DEFENDANTS **Dishonored** by silence, Donnie Knaul's Request
to have a professional accountant to check the credit and debit
of the account and **his lawful tender of debt).**

4) Prayer that **relief can be granted by Regulation Z of the
Truth in Lending Act Title 5 USC Section 1635 (A) and the Title
12 CFR 226.23 (d)(I), 9th Circuit ruling in Yamamoto v. Bank of
New York, 329 F3d 1167. Per Regulation Z Action for rescission
and Replevin is further authorized Per House Joint Resolution-
192/ the Emergency Bankruptcy of 1933.**

   6) Request to the Court that the President/ Vice President
of DEFENDANTS honor the terms and conditions of the BILL OF
EXCHANGE(S) OR have DEFENDANTS swear under their full commercial
liability under the penalty of perjury before a notary their
dishonor of BOE or record a full Reconveyance on the Deed of
Trust to Donnie R. Knauls in their County Recorder due to lawful
discharge (third payment) Received via US DISTRICT COURT, AND
may PLAINTFF DONNIE KNAULS have such other and further relief as
he may be entitled to receive.

1

2                                    **Verification**

3

4    I, Donnie Knauls, attest and affirm that the above information

5    mentioned in this affidavit of truth / Quiet Title is true and correct

6    of the affirmative fact that there was a commercial dishonor, for

7    which I exercised my rights by using the guidelines of the Uniform

8    Commercial Code and HJR-192 and the Constitution, therefore not only

9    was there disregard but invasion of Regulation Z of the Truth in

10   Lending Act, the GAAP, **HJR-192**, and of the Uniform Commercial Code.

11   This means that there is no way for me to legally tender my debts, and

12   No-one can use House Joint Resolution-192 to discharge any debts or

13   obligations, public or private.  Due to this outrageous and unethical

14   and unlawful behavior and fraudulent business practices of these named

15   DEFENDANTS, the public at large is in jeopardy and is so stated to the

16   best of my knowledge and belief.

17

18

19   Dated: ___3-24-08___              "Without Prejudice"

20

21

22                                   Donnie Knauls, UCC 1-207

23

24

25

26

27

28

**NON-NEGOTIABLE**
## NOTICE AND DEMAND FOR BENEFICIARY TERMINATION
## AND SUCCESSOR BENEFICIARY APPOINTMENT

Commerce operates in truth; Demand for truth is made of all parties for full disclosure this date:
January 29, 2008
                              **CERTIFIED Mail No. 7007 1490 0004 7651 7598**
                              **Return Receipt Requested**
TO:    ASC AND MORTGAGE LENDERS NETWORK
       213 Court St. Middletown, CT 06457

Regarding: Loan Number 171635446 with MORTGAGE LENDERS NETWORK / ASC Loan #'s 1115013129 and
1115013130 a Corporation(s)

Dear ASC AND/OR MORTGAGE LENDERS NETWORK AMC, and all you are:

In reference to Loan Numbers above with ASC AND/OR MORTGAGE LENDERS NETWORK a Corporation,
specifically the section titled "TRANSFER OF RIGHTS IN THE PROPERTY", I state the following:
Under the inherent authority granted to Borrower/Grantor/Mortgagor/Trustor (hereinafter referred to as "Trustor")
to appoint a Beneficiary, the Trustor, DONNIE R. KNAULS (SR.) under Trustor's power of appointment, Trustor
hereby Declares Trustor is now revoking Trustor's appointment of ASC AND MORTGAGE LENDERS
NETWORK its successors and assigns, as Beneficiary of Loan Number 171635446, 1115013129 & 30, DEED OF
TRUST Recorded or filed on or about 02/03/2006 and recorded in Deed Book 41932, Page 522 Fulton County
Records. Trustor hereby revokes and rescinds signature on said document appointing MORTGAGE LENDERS
NETWORK / ASC as Beneficiary. ASC AND/OR MORTGAGE LENDERS NETWORK *its successors and
assigns are hereby FIRED!*
       Under Trustor power of appointment, Trustor hereby appoints Donnie R. Knauls SR. a Living Soul, as
Successor Beneficiary of Loan Number 171635446, 1115013129 & 30, DEED OF TRUST Recorded or filed on or
about 02/03/2006 and recorded in Deed Book 41932, Page 522 Fulton County Records. With or without
conveyance of Property, Successor Trustee shall succeed to all the title, power and duties conferred upon Trustee of
Loan Numbers 171635446, 1115013129&30 DEED OF TRUST Recorded or filed on or about 02/03/2006 and
recorded in Deed Book 41932, Page 522 Fulton County Records. .

Attachments: Document No. DKF-012908-FTRLJS              "NOTICE TO ONE IS NOTICE TO ALL".

Copies:    MORTGAGE LENDERS NETWORK / ASC
           213 Court St. Middletown, CT 06457

ASC / AMERICA'S SERVICING COMPANY
3476 STATEVIEW Blvd.
MAC# X7801-013
Fort MILL, South Carolina 29715

L. J. SWERTFEGER, JR. / US BANK N.A.
2872 WOODCOCK BOULEVARD, SUITE 100
ATLANTA, GA 30341

                         DONNIE R. KNAULS (SR.) Trustor

        1-29-08        *Donnie R. Knauls Sr.*
                         By: Donnie R. Knauls SR. Agent

**NON-NEGOTIABLE**

## NOTICE AND DEMAND FOR BENEFICIARY TERMINATION
## AND SUCCESSOR BENEFICIARY APPOINTMENT

Commerce operates in truth; Demand for truth is made of all parties for full disclosure this date:
**January 29, 2008**

CERTIFIED Mail No.  7007 0710 0005 3107 7634
Return Receipt Requested

TO:    COUNTRYWIDE Home Loans
      4500 Park Granada, Calabasas, CA 91302-1613

Regarding: Loan Number 073785492 with COUNTRYWIDE Home Loans & AMC-0101928836 a Corporation.

Dear COUNTRYWIDE HOME LOANS, AMC, and all you are:

In reference to Loan Number 073785492 with COUNTRYWIDE HOME LOANS & AMC-0101928836, a Corporation, specifically the section titled "TRANSFER OF RIGHTS IN THE PROPERTY", I state the following: Under the inherent authority granted to Borrower/Grantor/Mortgagor/Trustor (hereinafter referred to as "Trustor") to appoint a Beneficiary, the Trustor, DONNIE R. KNAULS (SR.) under Trustor's power of appointment, Trustor hereby Declares Trustor is now revoking Trustor's appointment of AMC, COUNTRYWIDE HOME LOANS, its successors and assigns, as Beneficiary of Loan Number 073785492 & AMC-0101928836, DEED OF TRUST Recorded or filed on or about 10/02/2006.   Trustor hereby revokes and rescinds signature on said document appointing  AMC AND/ OR COUNTRYWIDE HOME LOANS as Beneficiary. AMC, COUNTRYWIDE HOME LOANS, *its successors and assigns are hereby FIRED!*

    Under Trustor power of appointment, Trustor hereby appoints Donnie R. Knauls SR. a Living Soul, as Successor Beneficiary of Loan Number 073785492 & AMC-0101928836, DEED OF TRUST Recorded or filed on or about 10/02/2006 , as Instrument NO. 062187084. in the County Recorder of Los Angeles County, California, With or without conveyance of Property, Successor Trustee shall succeed to all the title, power and duties conferred upon Trustee of Loan Number 073785492 & AMC-0101928836, DEED OF TRUST Recorded or filed on or about 10/02/2006.

Attachments: Document No. DKF-012908-FTR

Copies:    COUNTRYWIDE Home Loans
4500  Park Granada, Calabasas, CA 91302-1613

Notice to One is Notice to All.

Recontrust Company, N.A.
1787 Tapo Canyon Road, SVW.88,
Simi Valley, Ca 93063

AMC  MORTGAGE SERVICES SM
Loan # 0101928836
P.O. Box 11000, Santa Ana, CA 92711

CC: FTC
**Federal Trade Commission**
600 Pennsylvania Avenue, NW Washington DC 20580

DONNIE R. KNAULS (SR.) Trustor

*1-27-08  Donnie R. Knauls Sr.*
By: Donnie R. Knauls SR. Agent

**NON-NEGOTIABLE**

## NOTICE AND DEMAND FOR BENEFICIARY TERMINATION
## AND SUCCESSOR BENEFICIARY APPOINTMENT

..ommerce operates in truth; Demand for truth is made of all parties for full disclosure this date:
January 29, 2008

CERTIFIED Mail No. 7007 0710 0005 3107 7634
Return Receipt Requested

TO:    COUNTRYWIDE Home Loans
      4500 Park Granada, Calabasas, CA 91302-1613

Regarding: Acct / Loan Number 074480251& 11776325 & 26   with COUNTRYWIDE Home Loans a Corporation

Dear COUNTRYWIDE HOME LOANS, WMC, and all you are:

In reference to Loan Number 074480251 with WMC 11776325 & 26 and COUNTRYWIDE HOME LOANS, a Corporation, specifically the section titled "TRANSFER OF RIGHTS IN THE PROPERTY", I state the following: Under the inherent authority granted to Borrower/Grantor/Mortgagor/Trustor (hereinafter referred to as "Trustor") to appoint a Beneficiary, the Trustor, DONNIE R. KNAULS (SR.) under Trustor's power of appointment, Trustor hereby Declares Trustor is now revoking Trustor's appointment of WMC, COUNTRYWIDE HOME LOANS, its successors and assigns, as Beneficiary of Loan Number 074480251, 11776325 & 26 DEED OF TRUST Recorded or filed on or about 12/22/2007.  Trustor hereby revokes and rescinds signature on said document appointing WMC AND/ OR COUNTRYWIDE HOME LOANS as Beneficiary. WMC, COUNTRYWIDE HOME LOANS, *its successors and assigns are hereby FIRED!*

    Under Trustor power of appointment, Trustor hereby appoints Donnie R. Knauls SR. a Living Soul, as Successor Beneficiary of Loan Number 074480251, 11776325 & 26   DEED OF TRUST Recorded or filed on or about 12/22/2007, as Instrument N. 02393509.  With or without conveyance of Property, Successor Trustee shall succeed to all the title, power and duties conferred upon Trustee of Loan Number 074480251, 11776325 & 26 DEED OF TRUST Recorded or filed on or about 12/22/2007.

Attachments: Document No. DKF-012908-FTR        *"Notice To One Is Notice To All"*

Copies:    COUNTRYWIDE Home Loans
4500 Park Granada, Calabasas, CA 91302-1613

WMC MORTGAGE SERVICES SM
3100 Thornton Ave. Burbank, CA 91504

Resurgent Capital Services, LP
15 South Main Street, Suite 700 Greenville, SC 29601

DONNIE R. KNAULS (SR.) Trustor

*Donnie R. Knauls Sr.*
By: Donnie R. Knauls SR. Agent

 **COUNTRYWIDE HOME LOANS**

400 Countrywide Way, SV-63
Simi Valley, CA 93065
(805) 520-5100

February 7, 2008

Donnie Ray Knauls
2360 Cypress Street
Lemon Grove, CA 91945

Subject:     Borrowers: Donnie Ray Knauls
             Countrywide Loan Number 73785492
             Property Address: 545 West 115th Street, Los Angeles, CA 90044

Dear Mr. Knauls:

This letter is pursuant to your correspondence dated December 8, 2007. It appears that your correspondence does not specifically relate to the receipt or application of payments made on your loan.

The terms and provisions of your loan documents remain unchanged and fully effective, and Countrywide will continue to service your loan in accordance with the valid, binding loan documents that you signed. For your review I have enclosed a copy of your *Note, Deed of Trust, Loan Application, Truth In Lending Disclosure, Settlement Statement, Notice of Right to Cancel, Borrower's Acknowledgment of Final Loan Terms, Important Notice to Borrower(s)* and a complete *Loan History Transaction*.

Be advised that the Promissory Note you provide is not considered legal tender. Legal tender per the Security Instrument that you signed must be in United States dollars or certified monetary funds. As such, UCC is not applicable when the aforementioned Promissory Note is not legal tender.

If you have further concerns or questions regarding your loan, please contact the FBRM Customer Escalation Team at (866) 200-9624.

Sincerely,

Terri Madrid
Vice President
Loan Administration Risk Management
Terri_Madrid@countrywide.com
Phone:  805-520-5371
Fax:    805-577-3489

EXHIBIT S-H

$200,000.00                                                        $200,000.00 

## BILL OF EXCHANGE
### BILL OF ACCEPTANCE – TIME DRAFT

DONNIE R. KNAULS, Secured Party/Drawer
2360 Cypress Ave                                    Date: March 5, 2008
Lemon Grove, CA 91945

To;   Secretary of the Treasury, Department of the Treasury Bank – Ledger #0563806244

On or by March 5, 2008,  **Credit the account of MORTGAGE LENDERS NETWORK / AMERICA'S SERVICING COMPANY for ACCT # 2020042841 and ASC LN# 115013129&30 via** the Fiduciary DANASABRAW&UNITEDSTATESDISTRICTCOURT: Case#07CV2233DMS

### (TWO HUNDRED THOUSAND DOLLARS) $200,000.00

Personal Direct Treasury  Account #SS 563 80 6244 US

The obligation of the Drawee (acceptor), Secretary of the Treasury, through the bailee (authorized agent) of Claimant's financial institution hereof arises out of the want of consideration for the pledge and by the redemption of the pledge under Public Resolution HJR-192, Now Public Law 73-10 and 59 s Ct 847 FN3, represented by the attached claim Accepted for Value and bearing the account number # **2020042841** and ASC LN# **115013129&30** .

This claim document as hereby surrendered as said pledge is redeemed (discharged) by the drawer via acceptance for value and being exempt from levy.  The U S District Court and Claimant's financial institution is to accept this bill, sign and present directly via Certified or Registered mail, Return Receipt to the Secretary of the Treasury – Department of the Treasury.  Unless the original Negotiable Instrument is dishonored in writing within 15 days of receipt by the Secretary of the Treasury Claimant's financial institution is to release the credit to the payee within the time stipulated by Regulation "Z" Truth In Lending Act or on the date designated, whichever is later.  The amount of this accepted draft is to be credited by Claimant's financial institution to the designated account and the discharge of this claim fifteen (15) days after receipt by the Federal Window (Regulation z).

NOTICE: The law relating to principal and agent applies.

By _____
      Bailee's signature (authorized bank agent)

Accepted at (San Diego California) on March 5, 2008

*Donnie Knauls*
_____
                Drawer, Secured Party-Creditor
                Without Recourse

$200,000.00                                                        $200,000.00

$200,000.00                                                              $200,000.00

## BILL OF EXCHANGE
## BILL OF ACCEPTANCE – TIME DRAFT

DONNIE R. KNAULS, Secured Party/Drawer
2360 Cypress Ave                                        Date: March 5, 2008
Lemon Grove, CA 91945

To;   Secretary of the Treasury, Department of the Treasury Bank – Ledger #0563806244

On or by March 5, 2008,  **Credit the account of MORTGAGE LENDERS NETWORK / AMERICA'S SERVICING COMPANY for ACCT # 2020042841 and ASC LN# 115013129&30 via** the Fiduciary DANASABRAW&UNITEDSTATESDISTRICTCOURT: **Case#07CV2233**DMS

**(TWO HUNDRED THOUSAND DOLLARS) $200,000.00**

Personal Direct Treasury Account #SS 563 80 6244 US

The obligation of the Drawee (acceptor), Secretary of the Treasury, through the bailee (authorized agent) of Claimant's financial institution hereof arises out of the want of consideration for the pledge and by the redemption of the pledge under Public Resolution HJR-192, Now Public Law 73-10 and 59 s Ct 847 FN3, represented by the attached claim Accepted for Value and bearing the account number # **2020042841 and ASC LN# 115013129&30** .

This claim document as hereby surrendered as said pledge is redeemed (discharged) by the drawer via acceptance for value and being exempt from levy. The U S District Court and Claimant's financial institution is to accept this bill, sign and present directly via Certified or Registered mail, Return Receipt to the Secretary of the Treasury – Department of the Treasury. Unless the original Negotiable Instrument is dishonored in writing within 15 days of receipt by the Secretary of the Treasury Claimant's financial institution is to release the credit to the payee within the time stipulated by Regulation "Z" Truth In Lending Act or on the date designated, whichever is later. The amount of this accepted draft is to be credited by Claimant's financial institution to the designated account and the discharge of this claim fifteen (15) days after receipt by the Federal Window (Regulation z).

NOTICE: The law relating to principal and agent applies.

By _____
     Bailee's signature (authorized bank agent)

Accepted at (San Diego California) on March 5, 2008

*Donnie Knauls*
Drawer, Secured Party-Creditor
Without Recourse

$200,000.00                                                              $200,000.00

$350,000.00  $350,000.00

## BILL OF EXCHANGE
### BILL OF ACCEPTANCE – TIME DRAFT

DONNIE R. KNAULS, Secured Party/Drawer
2360 Cypress Ave                                    Date: March 5, 2008
Lemon Grove, CA 91945

To;   Secretary of the Treasury, Department of the Treasury Bank – Ledger #0563806244

On or by March 5, 2008, **Credit the account of WMC/COUNTRYWIDE
HOME LOANS for ACCT #074480251 via** the Fiduciary DANA M. SABRAW & UNITED
STATES DISTRICT COURT: **Case#07CV2233**DMS
**(THREE HUNDRED FIFTY THOUSAND DOLLARS) $350,000.00**

Personal Direct Treasury  Account #SS 563 80 6244 US

The obligation of the Drawee (acceptor), Secretary of the Treasury, through the bailee (authorized
agent) of Claimant's financial institution hereof arises out of the want of consideration for the pledge
and by the redemption of the pledge under Public Resolution HJR-192, Now Public Law 73-10 and 59 s
Ct 847 FN3, represented by the attached claim Accepted for Value and bearing the account number
#074480251.

This claim document as hereby surrendered as said pledge is redeemed (discharged) by the drawer via
acceptance for value and being exempt from levy. The U S District Court and Claimant's financial
institution is to accept this bill, sign and present directly via Certified or Registered mail, Return Receipt
to the Secretary of the Treasury – Department of the Treasury. Unless the original Negotiable
Instrument is dishonored in writing within 15 days of receipt by the Secretary of the Treasury
Claimant's financial institution is to release the credit to the payee within the time stipulated by
Regulation "Z" Truth In Lending Act or on the date designated, whichever is later. The amount of this
accepted draft is to be credited by Claimant's financial institution to the designated account and the
discharge of this claim fifteen (15) days after receipt by the Federal Window (Regulation z).

NOTICE: The law relating to principal and agent applies.

By _____
     Bailee's signature (authorized bank agent)

Accepted at (San Diego California) on March 5, 2008

_____
Drawer, Secured Party-Creditor
Without Recourse

$350,000.00                                          $350,000.00

$350,000.00                                                        $350,000.00     ©

## BILL OF EXCHANGE
## BILL OF ACCEPTANCE – TIME DRAFT

DONNIE R. KNAULS, Secured Party/Drawer
2360 Cypress Ave                                          Date: March 5, 2008
Lemon Grove, CA 91945

To;   Secretary of the Treasury, Department of the Treasury Bank – Ledger #0563806244

On or by March 5, 2008,  **Credit the account of WMC/COUNTRYWIDE**
**HOME LOANS for ACCT #074480251 via** the Fiduciary DANA M. SABRAW & UNITED
STATES DISTRICT COURT: **Case#07CV2233**DMS
**(THREE HUNDRED FIFTY THOUSAND DOLLARS) $350,000.00**

Personal Direct Treasury  Account #SS 563 80 6244 US

The obligation of the Drawee (acceptor), Secretary of the Treasury, through the bailee (authorized
agent) of Claimant's financial institution hereof arises out of the want of consideration for the pledge
and by the redemption of the pledge under Public Resolution HJR-192, Now Public Law 73-10 and 59 s
Ct 847 FN3, represented by the attached claim Accepted for Value and bearing the account number
#074480251.

This claim document as hereby surrendered as said pledge is redeemed (discharged) by the drawer via
acceptance for value and being exempt from levy.  The U S District Court and Claimant's financial
institution is to accept this bill, sign and present directly via Certified or Registered mail, Return Receipt
to the Secretary of the Treasury – Department of the Treasury.  Unless the original Negotiable
Instrument is dishonored in writing within 15 days of receipt by the Secretary of the Treasury
Claimant's financial institution is to release the credit to the payee within the time stipulated by
Regulation "Z" Truth In Lending Act or on the date designated, whichever is later.  The amount of this
accepted draft is to be credited by Claimant's financial institution to the designated account and the
discharge of this claim fifteen (15) days after receipt by the Federal Window (Regulation z).

NOTICE: The law relating to principal and agent applies.

By _____
     Bailee's signature (authorized bank agent)

Accepted at (San Diego California) on March 5, 2008

                                       _____
                                       Drawer, Secured Party-Creditor
                                       Without Recourse

$350,000.00                                                        $350,000.00

$400,000.00                                                                                   $400,000.00

## BILL OF EXCHANGE
## BILL OF ACCEPTANCE – TIME DRAFT

DONNIE R. KNAULS, Secured Party/Drawer
2360 Cypress Ave                                                    Date: March 5, 2008
Lemon Grove, CA 91945

To;   Secretary of the Treasury, Department of the Treasury Bank – Ledger #0563806244

    On or by March 5, 2008, **Credit the account of** COUNTRYWIDE HOME
LOANS DBA AMERICA'S WHOLESALE LENDER **LOAN NUMBER** 171635446 **via** the Fiduciary DANA
M. SABRAW & United States District Court: **Case # 07 CV 2233** DMS
        **(FOUR HUNDRED THOUSAND DOLLARS) $400,000.00**

Personal Direct Treasury  Account #SS 563 80 6244 US

The obligation of the Drawee (acceptor), Secretary of the Treasury, through the bailee (authorized
agent) of Claimant's financial institution hereof arises out of the want of consideration for the pledge
and by the redemption of the pledge under Public Resolution HJR-192, Now Public Law 73-10 and 59 s
Ct 847 FN3, represented by the attached claim Accepted for Value and bearing the account number
#171635446.

This claim document as hereby surrendered as said pledge is redeemed (discharged) by the drawer via
acceptance for value and being exempt from levy.  The U S District Court and Claimant's financial
institution is to accept this bill, sign and present directly via Certified or Registered mail, Return Receipt
to the Secretary of the Treasury – Department of the Treasury.  Unless the original Negotiable
Instrument is dishonored in writing within 15 days of receipt by the Secretary of the Treasury
Claimant's financial institution is to release the credit to the payee within the time stipulated by
Regulation "Z" Truth In Lending Act or on the date designated, whichever is later.  The amount of this
accepted draft is to be credited by Claimant's financial institution to the designated account and the
discharge of this claim fifteen (15) days after receipt by the Federal Window (Regulation z).

NOTICE: The law relating to principal and agent applies.

By _____
     Bailee's signature (authorized bank agent)

Accepted at (San Diego California) on March 5, 2008

                                        _Donnie Knauls_
                                        Drawer, Secured Party-Creditor
                                        Without Recourse

$400,000.00                                                                                   $400,000.00

$400,000.00                                                                      $400,000.00

## BILL OF EXCHANGE
## BILL OF ACCEPTANCE – TIME DRAFT

DONNIE R. KNAULS, Secured Party/Drawer
2360 Cypress Ave                                              Date: March 5, 2008
Lemon Grove, CA 91945

To:  Secretary of the Treasury, Department of the Treasury Bank – Ledger #0563806244

On or by March 5, 2008, **Credit the account of COUNTRYWIDE HOME
LOANS DBA AMERICA'S WHOLESALE LENDER LOAN NUMBER 171635446 via** the Fiduciary DANA
M.SABRAW & United States District Court: **Case # 07 CV 2233** DMS
**(FOUR HUNDRED THOUSAND DOLLARS) $400,000.00**

Personal Direct Treasury Account #SS 563 80 6244 US

The obligation of the Drawee (acceptor), Secretary of the Treasury, through the bailee (authorized
agent) of Claimant's financial institution hereof arises out of the want of consideration for the pledge
and by the redemption of the pledge under Public Resolution HJR-192, Now Public Law 73-10 and 59 s
Ct 847 FN3, represented by the attached claim Accepted for Value and bearing the account number
#171635446.

This claim document as hereby surrendered as said pledge is redeemed (discharged) by the drawer via
acceptance for value and being exempt from levy.  The U S District Court and Claimant's financial
institution is to accept this bill, sign and present directly via Certified or Registered mail, Return Receipt
to the Secretary of the Treasury – Department of the Treasury.  Unless the original Negotiable
Instrument is dishonored in writing within 15 days of receipt by the Secretary of the Treasury
Claimant's financial institution is to release the credit to the payee within the time stipulated by
Regulation "Z" Truth In Lending Act or on the date designated, whichever is later.  The amount of this
accepted draft is to be credited by Claimant's financial institution to the designated account and the
discharge of this claim fifteen (15) days after receipt by the Federal Window (Regulation z).

NOTICE: The law relating to principal and agent applies.

By _____
     Bailee's signature (authorized bank agent)

Accepted at (San Diego California) on March 5, 2008

_Donnie Knauls_
Drawer, Secured Party-Creditor
Without Recourse

$400,000.00                                                                      $400,000.00

Exhibit

**Donnie R. Knauls**
**Secured Party**
**Attorney In Fact for DONNIE R. KNAULS**[©]
**c/o 2360 Cypress Ave.**
**San Diego, California [91945]**

March 24, 2008                    Certified Mail # 7004 1687 0004 3411 7422

GERALD M. SHAPIRO individually and dba COLLECTION MANAGER, and
SHAPIRO & SWERTFEGER, LLP            AND   America's Servicing Company
2872 WOODCOCK BOULEVARD, SUITE 100    AND   US BANK, N.A.
ATLANTA, GA 30341-3941               AND  MORTGAGE LENDERS NETWORK
                                    AND WELLS FARGO BANK
AND LAURA J. PETRIE / BARRY GARDNER & KINCANNON
AND COUNTRYWIDE HOME LOANS & AMC.  AND TERRI MADRID & WMC

Hereinafter collectively referred to as "RESPONDENT", "you", "your" " yourself"

        RE: Alleged Account #(s) 1115013129 , 074480251, 11776325 &26,  73785492,
0563806244 (hereinafter referred to as Loan(s))

Dear Mr. SHAPIRO, Terri Madrid & all Others

This is my timely notice to you and your agents that the above alleged account was/is disputed
and the matter settled in full privately.  In accordance with state and federal law, this is your
NOTICE TO CEASE AND DESIST any further contact with me in any form, unless it is in
writing, signed by a living soul before a notary, within five days time of the date shown above,
and you have delivered to me original, verified documents as specified below proving your
claims that:

        1)      the Secured Party has granted you permission to trespass on a private matter;

        2)      the matter was something other than settled in full in a private administrative
                process;

        3)      the bookkeeping entries show a loan was made to DONNIE R. KNAULS[©] from
                the Lender's assets thereby proving the Lender took a risk in the alleged Loan
                transaction;

        4)      the Lender is in possession of original signatures for all transactions including,
                but not limited to, the original loan agreement and transaction slips;

        5)      all statements by RESPONDENT and/or its agents are based on personal
                knowledge as to the status of the alleged Loan;

6)    the Lender and/or the RESPONDENT has a registered claim against
      DONNIE R. KNAULS©;

7)    the Lender and RESPONDENT(s) have strictly adhered to, are and were
      completely correct and accurate and in compliance with, the principles expressed
      in the Fair Debt Collections Practices Act, hereinafter referred to as "FDCPA", in
      all reporting and all information they provide/provided to Credit Reporting
      Agencies regarding DONNIE R. KNAULS©;

8)    every contact, whether written or telephonic, to DONNIE R. KNAULS© by
      RESPONDENT or its Agents, is in compliance with the principles of the FDCPA;

9)    an attempt to collect upon a purported debt without providing proof of claim
      when demanded by the Secured Party is in compliance with the State Statutes and
      constitutes a valid 'claim';

10)   RESPONDENTS refusal to return the bill of exchange/promissory note that was
      tendered on date constitutes something other than an exchange for closure and
      settlement in full of the account.

Failure to provide the above verified documentation within 10 days constitutes your agreement
that no such evidence exists and your agreement to cease and desist from any further collection
activity on said account.

Should you fail to verify each claim on a point by point basis, your silence or failure will
constitute your voluntary agreement to send, by certified mail, a cashier's check within thirty
(30) days of the date of billing by DONNIE R. KNAULS© in the following amounts:

1)    Ten Thousand Dollars ($10,000.00) for each communication made to DONNIE
      R. KNAULS©, whether telephonically or in writing, which is not in affidavit
      form, regarding your unsubstantiated claim;

2)    Ten times the value of any property, the enjoyment and use of which by DONNIE
      R. KNAULS© or the Secured Party is impaired as a result of RESPONDENT'S
      actions without having first provided documentation verifying your claim;

3)    Five Thousand Dollars ($5,000.00) for each transaction initiated by DONNIE R.
      KNAULS© where DONNIE R. KNAULS©' commercial ability is impeded due to
      you or your agents' adverse credit reporting;

4)    RESPONDENT owes DONNIE R. KNAULS© the amount of DOLLAR
      AMOUNT ($173,054.91 ) ($400,000.00) ($350,000.00) of your unsubstantiated
      claim and triple damages;

5)    Five Hundred Thousand Dollars ($500,000.00) for each court appearance
      DONNIE R. KNAULS© or the Secured Party makes in response to
      RESPONDENT'S unsubstantiated claims; and

RESPONDENT also voluntarily agrees to:

6) authorize the Secured Party and DONNIE R. KNAULS© to record a UCC-1 both on RESPONDENT and insert name individually as debtors to secure the debt owed DONNIE R. KNAULS©; and

7) prove his claim as a RESPONDENT in possession of DONNIE R. KNAULS© property in an involuntary bankruptcy proceeding process.

The matter is finally and totally settled.

This is a private communication to you in your individual capacity and is intended to effect an out-of-court settlement of this matter. Conduct yourself accordingly.

Sincerely, with all rights reserved,

By: _Donnie Knauls_

DONNIE R. KNAULS, Secured Party          March 24, 2008

cc: USDC.

*Exhibit 1*

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

| | | |
|---|---|---|
| BANK ONE, N.A., | ) | Case No. 03-047448-CZ |
| | ) | |
| Plaintiff, | ) | Hon. E.. Sosnick |
| | ) | |
| v.. | ) | AFFIDAVIT OF WALKER F. TODD, |
| | ) | EXPERT WITNESS FOR DEFENDANTS |
| HARSHAVARDHAN DAVE and | ) | |
| PRATIMA DAVE, jointly and severally, | ) | |
| | ) | |
| Defendants. | ) | |

| | |
|---|---|
| Harshavardhan Dave and Pratima H. Dave<br>C/o 5128 Echo Road<br>Bloomfield Hills, MI 48302<br>Defendants, *in propria persona* | Michael C. Hammer (P41705)<br>Ryan O. Lawlor (P64693)<br>Dickinson Wright PLLC<br>Attorneys for Bank One, N.A.<br>500 Woodward Avenue, Suite 4000<br>Detroit, Michigan 48226<br>(313) 223-3500 |

Now comes the Affiant, Walker F. Todd, a citizen of the United States and the State of

Ohio over the age of 21 years, and declares as follows, under penalty of perjury:

1.  That I am familiar with the Promissory Note and Disbursement Request and

Authorization, dated November 23, 1999, together sometimes referred to in other

documents filed by Defendants in this case as the "alleged agreement" between

Defendants and Plaintiff but called the "Note" in this Affidavit. If called as a witness,

I would testify as stated herein. I make this Affidavit based on my own personal

knowledge of the legal, economic, and historical principles stated herein, except that I

have relied entirely on documents provided to me, including the Note, regarding

certain facts at issue in this case of which I previously had no direct and personal

1

knowledge.  I am making this affidavit based on my experience and expertise as an attorney, economist, research writer, and teacher.  I am competent to make the following statements.

PROFESSIONAL BACKGROUND QUALIFICATIONS

2.  My qualifications as an expert witness in monetary and banking instruments are as follows.  For 20 years, I worked as an attorney and legal officer for the legal departments of the Federal Reserve Banks of New York and Cleveland.  Among other things, I was assigned responsibility for questions involving both novel and routine notes, bonds, bankers' acceptances, securities, and other financial instruments in connection with my work for the Reserve Banks' discount windows and parts of the open market trading desk function in New York.  In addition, for nine years, I worked as an economic research officer at the Federal Reserve Bank of Cleveland.  I became one of the Federal Reserve System's recognized experts on the legal history of central banking and the pledging of notes, bonds, and other financial instruments at the discount window to enable the Federal Reserve to make advances of credit that became or could become money.  I also have read extensively treatises on the legal and financial history of money and banking and have published several articles covering all of the subjects just mentioned.  I have served as an expert witness in several trials involving banking practices and monetary instruments.  A summary biographical sketch and resume including further details of my work experience, readings, publications, and education will be tendered to Defendants and may be made available to the Court and to Plaintiff's counsel upon request.

GENERALLY ACCEPTED ACCOUNTING PRINCIPLES

3.  Banks are required to adhere to Generally Accepted Accounting Principles (GAAP).

GAAP follows an accounting convention that lies at the heart of the double-entry bookkeeping system called the Matching Principle. This principle works as follows: When a bank accepts bullion, coin, currency, checks, drafts, promissory notes, or any other similar instruments (hereinafter "instruments") from customers and deposits or records the instruments as assets, it must record offsetting liabilities that match the assets that it accepted from customers. The liabilities represent the amounts that the bank owes the customers, funds accepted from customers. In a fractional reserve banking system like the United States banking system, most of the funds advanced to borrowers (assets of the banks) **are created by the banks themselves** and are not merely transferred from one set of depositors to another set of borrowers.

RELEVANCE OF SUBTLE DISTINCTIONS ABOUT TYPES OF MONEY

4. From my study of historical and economic writings on the subject, I conclude that a common misconception about the nature of money unfortunately has been perpetuated in the U.S. monetary and banking systems, especially since the 1930s. In classical economic theory, once economic exchange has moved beyond the barter stage, there are two types of money: money of *exchange* and money of *account.*. For nearly 300 years in both Europe and the United States, confusion about the distinctiveness of these two concepts has led to persistent attempts to treat money of account as the equivalent of money of exchange. In reality, especially in a fractional reserve banking system, a comparatively small amount of money of exchange (e.g., gold, silver, and official currency notes) may support a vastly larger quantity of business transactions denominated in money of account. The sum of these transactions is the sum of credit extensions in the economy. With the exception of customary stores of value like gold and silver, the monetary base of the economy

largely consists of credit instruments.  **Against this background, I conclude that the Note, despite some language about "lawful money" explained below, clearly contemplates both disbursement of funds and eventual repayment or settlement in money of account (that is, money of exchange would be welcome but is not required to repay or settle the Note).**  The factual basis of this conclusion is the reference in the Disbursement Request and Authorization  to repayment of $95,905.16 to Michigan National Bank from the proceeds of the Note.  That was an exchange of the credit of Bank One (Plaintiff) for credit apparently and previously extended to Defendants by Michigan National Bank.  Also, there is no reason to believe that Plaintiff would refuse a substitution of the credit of another bank or banker as complete payment of the Defendants' repayment obligation under the Note.  This is a case about exchanges of money of account (credit), not about exchanges of money of exchange (lawful money or even legal tender).

5.  Ironically, the Note explicitly refers to repayment in "lawful money of the United States of America" (*see* "Promise to Pay" clause).  Traditionally and legally, Congress defines the phrase "lawful money" for the United States.  Lawful money was the form of money of exchange that the federal government (or any state) could be required by statute to receive in payment of taxes or other debts.  Traditionally, as defined by Congress, lawful money only included gold, silver, and currency notes redeemable for gold or silver on demand.  In a banking law context, lawful money was only those forms of money of exchange (the forms just mentioned, plus U.S. bonds and notes redeemable for gold) that constituted the reserves of a national bank prior to 1913 (date of creation of the Federal Reserve Banks).  *See,* Lawful Money, *Webster's New International Dictionary* (2d ed. 1950).  **In light of these facts, I**

4

**conclude that Plaintiff and Defendants exchanged reciprocal credits involving money of account and not money of exchange; no lawful money was or probably ever would be disbursed by either side in the covered transactions.** This conclusion also is consistent with the bookkeeping entries that underlie the loan account in dispute in the present case. Moreover, it is puzzling why Plaintiff would retain the archaic language, "lawful money of the United States of America," in its otherwise modern-seeming Note. It is possible that this language is merely a legacy from the pre-1933 era. Modern credit agreements might include repayment language such as, "The repayment obligation under this agreement shall continue until payment is received *in fully and finally collected funds*," which avoids the entire question of "In what form of money **or credit** is the repayment obligation due?"

6. *Legal tender,* a related concept but one that is economically inferior to *lawful money* because it allows payment in instruments that cannot be redeemed for gold or silver on demand, has been the form of money of exchange commonly used in the United States since 1933, when domestic private gold transactions were suspended (until 1974).. Basically, legal tender is whatever the government says that it is. The most common form of legal tender today is Federal Reserve notes, which by law cannot be redeemed for gold since 1934 or, since 1964, for silver. *See,* 31 U.S.C. Sections 5103, 5118 (b), and 5119 (a).

Note: I question the statement that fed reserve notes cannot be redeemed for silver since 1964. It was Johnson who declared on 15 Marcy 1967 that after 15 June 1967 that Fed Res Notes would not be exchanged for silver and the practice did stop on 15 June 1967 – not 1964. I believe this to be error in the text of the author's affidavit.

5

7.  *Legal tender under the Uniform Commercial Code (U.C.C.)*, Section 1-201 (24)

(Official Comment), is a concept that sometimes surfaces in cases of this nature.. <u>The</u>

<u>referenced Official Comment notes that the definition of *money* is not limited to *legal*</u>

<u>tender under the U.C.C.</u> *Money* is defined in Section 1-201 (24) as "a medium of

exchange authorized or adopted by a domestic or foreign government and includes a

monetary unit of account established by an intergovernmental organization or by

agreement between two or more nations." The relevant Official Comment states that

"The test adopted is that of sanction of government, whether by authorization before

issue or adoption afterward, which recognizes the circulating medium as a part of the

official currency of that government. <u>The narrow view that money is limited to legal</u>

<u>tender is rejected.</u>" Thus, I conclude that the U.C.C. tends to validate the classical

theoretical view of money.

HOW BANKS BEGAN TO LEND THEIR OWN CREDIT INSTEAD OF REAL MONEY

8.      In my opinion, the best sources of information on the origins and use of <u>credit as</u>

<u>money</u> are in Alfred Marshall, MONEY, CREDIT & COMMERCE 249-251 (1929)

and Charles P. Kindleberger, A FINANCIAL HISTORY OF WESTERN EUROPE

50-53 (1984). A synthesis of these sources, as applied to the facts of the present case,

is as follows:  As commercial banks and discount houses (private bankers) became

established in parts of Europe (especially Great Britain) and North America, by the

mid-nineteenth century they commonly made loans to borrowers by extending their

own credit to the borrowers or, at the borrowers' direction, to third parties.  The

typical form of such extensions of credit was drafts or bills of exchange drawn upon

themselves (claims on the credit of the drawees) instead of disbursements of bullion,

coin, or other forms of money. In transactions with third parties, these <u>drafts and bills</u>

came to serve most of the ordinary functions of money.  The third parties had to determine for themselves whether such "credit money" had value and, if so, how much.  The Federal Reserve Act of 1913 was drafted with this model of the commercial economy in mind and provided at least two mechanisms (the discount window and the open-market trading desk) by which certain types of bankers' credits could be exchanged for Federal Reserve credits, which in turn could be withdrawn in lawful money.  Credit at the Federal Reserve eventually became the principal form of monetary reserves of the commercial banking system, especially after the suspension of domestic transactions in gold in 1933.  Thus, credit money is not alien to the current official monetary system; it is just rarely used as a device for the creation of Federal Reserve credit that, in turn, in the form of either Federal Reserve notes or banks' deposits at Federal Reserve Banks, functions as money in the current monetary system.  In fact, a means by which the Federal Reserve expands the money supply, loosely defined, is to set banks' reserve requirements (currently, usually ten percent of demand liabilities) at levels that would encourage banks to extend new credit to borrowers on their own books that third parties would have to present to the same banks for redemption, thus leading to an expansion of bank-created credit money.  In the modern economy, many non-bank providers of credit also extend book credit to their customers without previously setting aside an equivalent amount of monetary reserves (credit card line of credit access checks issued by non-banks are a good example of this type of credit), which also causes an expansion of the aggregate quantity of credit money.  The discussion of money taken from Federal Reserve and other modern sources in paragraphs 11 et seq. is consistent with the account of the origins of the use of bank credit as money in this paragraph.

## ADVANCES OF BANK CREDIT AS THE EQUIVALENT OF MONEY

9. Plaintiff apparently asserts that the Defendants signed a promise to pay, such as a note(s) or credit application (collectively, the "Note"), in exchange for the Plaintiff's advance of funds, credit, or some type of money to or on behalf of Defendant. However, the bookkeeping entries required by application of GAAP and the Federal Reserve's own writings should trigger close scrutiny of Plaintiff's apparent assertions that it lent its funds, credit, or money to or on behalf of Defendants, thereby causing them to owe the Plaintiff $400,000. According to the bookkeeping entries shown or otherwise described to me and application of GAAP, the Defendants allegedly were to tender some form of *money* ("lawful money of the United States of America" is the type of money explicitly called for in the Note), securities or other capital equivalent to money, funds, credit, or something else of value in exchange (money of exchange, loosely defined), collectively referred to herein as "money," to repay what the Plaintiff claims was the *money* lent to the Defendants. **It is not an unreasonable argument to state that Plaintiff apparently changed the economic substance of the transaction from that contemplated in the credit application form, agreement, note(s), or other similar instrument(s) that the Defendants executed, thereby changing the costs and risks to the Defendants.** At most, the Plaintiff extended its own *credit* (money of account), but the Defendants were required to repay in *money* (money of exchange, and *lawful money* at that), **which creates at least the inference of inequality of obligations** on the two sides of the transaction (*money*, including *lawful money*, is to be exchanged for *bank credit*).

MODERN AUTHORITIES ON MONEY

11. To understand what occurred between Plaintiff and Defendants concerning the alleged

8

loan of *money* or, more accurately, *credit*, it is helpful to review a modern Federal Reserve description of a bank's lending process. *See*, David H. Friedman, MONEY AND BANKING (4th ed. 1984)(apparently already introduced into this case): "The commercial bank lending process is similar to that of a thrift in that the receipt of cash from depositors increases both its assets and its deposit liabilities, which enables it to make additional loans and investments. . . . When a commercial bank makes a business loan, it accepts as an asset the borrower's debt obligation (the promise to repay) and creates a liability on its books in the form of a demand deposit in the amount of the loan." (Consumer loans are funded similarly.) Therefore, the bank's original bookkeeping entry should show an increase in the amount of the asset credited on the asset side of its books and a corresponding increase equal to the value of the asset on the liability side of its books. **This would show that the bank received the customer's signed promise to repay as an *asset*, thus *monetizing* the customer's signature and creating on its books a liability in the form of a demand deposit or other demand liability of the bank.** The bank then usually would hold this demand deposit in a transaction account on behalf of the customer. Instead of the bank lending its *money* or other assets to the customer, as the customer reasonably might believe from the face of the Note, the bank *created* funds for the customer's transaction account without the customer's permission, authorization, or knowledge and delivered the *credit* on its own books representing those funds to the customer, meanwhile alleging that the bank lent the customer *money*. If Plaintiff's response to this line of argument is to the effect that it acknowledges that it lent credit or issued credit instead of money, one might refer to Thomas P. Fitch, BARRON'S BUSINESS GUIDE DICTIONARY OF BANKING TERMS, "Credit banking," 3.

"Bookkeeping entry representing a deposit of funds into an account." But Plaintiff's loan agreement apparently avoids claiming that the bank actually lent the Defendants *money*. They apparently state in the agreement that the Defendants are obligated to repay Plaintiff principal and interest for the "Valuable consideration (money) the bank gave the customer (borrower)." The loan agreement and Note apparently still delete any reference to the bank's receipt of actual cash value from the Defendants and exchange of that receipt for actual cash value that the Plaintiff banker returned.

12. **According to the Federal Reserve Bank of New York, money is anything that has value that banks and people accept as money; money does not have to be issued by the government.** For example, David H. Friedman, I BET YOU THOUGHT. . . . 9, Federal Reserve Bank of New York (4th ed. 1984)(apparently already introduced into this case), explains that banks create new money by depositing IOUs, promissory notes, offset by bank liabilities called checking account balances. Page 5 says, "Money doesn't have to be intrinsically valuable, be issued by government, or be in any special form. . . ."

13. The publication, Anne Marie L. Gonczy, MODERN MONEY MECHANICS 7-33, Federal Reserve Bank of Chicago (rev. ed. June 1992)(apparently already introduced into this case), contains standard bookkeeping entries demonstrating that *money* ordinarily is recorded as a bank *asset*, while a bank *liability* is evidence of *money* that a bank owes. The bookkeeping entries tend to prove that banks accept cash, checks, drafts, and promissory notes/credit agreements (assets) as *money* deposited to create credit or checkbook money that are bank *liabilities*, which shows that, absent any right of setoff, banks owe *money* to persons who deposit *money*. **Cash (money of exchange) is money; and credit or promissory notes (money of account) become**

**money when banks deposit promissory notes with the intent of treating them like deposits of cash.** *See*, 12 U.S.C. Section 1813 (*l*)(1) (definition of "deposit" under Federal Deposit Insurance Act). The Plaintiff acts in the capacity of a lending or banking institution, and the newly issued credit or money is similar or equivalent to a promissory note, which may be treated as a deposit of money when received by the lending bank.. Federal Reserve Bank of Dallas publication MONEY AND BANKING, page 11, explains that when banks grant loans, they create new money. The new money is created because a new "loan becomes a deposit, just like a paycheck does." MODERN MONEY MECHANICS, page 6, says, "What they [banks] do when they make loans is to accept promissory notes in exchange for credits to the borrowers' transaction accounts." The next sentence on the same page explains that the banks' assets and liabilities increase by the amount of the loans.

COMMENTARY AND SUMMARY OF ARGUMENT

14. Plaintiff apparently accepted the Defendants' Note and credit application (money of account) in exchange for its own credit (also money of account) and deposited that credit into an account with the Defendants' names on the account, as well as apparently issuing its own credit for $95,905.16 to Michigan National Bank for the account of the Defendants. One reasonably might argue that the Plaintiff recorded the Note or credit application as a loan (money of account) from the Defendants to the Plaintiff and that the Plaintiff then became the borrower of an equivalent amount of money of account from the Defendants.

**15. The Plaintiff in fact never lent any of its own pre-existing money, credit, or assets as consideration to purchase the Note or credit agreement from the Defendants.** (Robertson Notes: I add that when the bank

does the forgoing, then in that event, there is an utter ***failure of consideration*** for the "loan contract".) When the Plaintiff deposited the Defendants' $400,000 of newly issued credit into an account, the Plaintiff created from $360,000 to $400,000 of new money (the nominal principal amount less up to ten percent or $40,000 of reserves that the Federal Reserve would require against a demand deposit of this size). The Plaintiff received $400,000 of credit or money of account from the Defendants as an asset. GAAP ordinarily would require that the Plaintiff record a liability account, crediting the Defendants' deposit account, showing that the Plaintiff owes $400,000 of money to the Defendants, just as if the Defendants were to deposit cash or a payroll check into their account.

16. The following appears to be a disputed fact in this case about which I have insufficient information on which to form a conclusion: I infer that it is alleged that Plaintiff refused to lend the Defendants Plaintiff's own money or assets and recorded a $400,000 loan from the Defendants to the Plaintiff, which arguably was a $400,000 deposit of money of account by the Defendants, and then when the Plaintiff repaid the Defendants by paying its own credit (money of account) in the amount of $400,000 to third-party sellers of goods and services for the account of Defendants, the Defendants were repaid their loan to Plaintiff, and the transaction was complete.

17. I do not have sufficient knowledge of the facts in this case to form a conclusion on the following disputed points: None of the following material facts are disclosed in the credit application or Note or were advertised by Plaintiff to prove that the Defendants are the true lenders and the Plaintiff is the true borrower. **The Plaintiff is trying to use the credit application form or the Note to persuade and deceive the Defendants into believing that the opposite occurred**

**and that the Defendants were the borrower and not the lender.**  The following point is undisputed:  The Defendants' loan of their credit to Plaintiff, when issued and paid from their deposit or credit account at Plaintiff, became money in the Federal Reserve System (subject to a reduction of up to ten percent for reserve requirements) as the newly issued credit was paid pursuant to written orders, including checks and wire transfers, to sellers of goods and services for the account of Defendants.

CONCLUSION

18. Based on the foregoing, Plaintiff is using the Defendant's Note for its own purposes, and it remains to be proven whether Plaintiff has incurred any financial loss or actual damages (I do not have sufficient information to form a conclusion on this point).  In any case, the inclusion of the "lawful money" language in the repayment clause of the Note is confusing at best and in fact may be misleading in the context described above.

AFFIRMATION

19. I hereby affirm that I prepared and have read this Affidavit and that I believe the foregoing statements in this Affidavit to be true.  I hereby further affirm that the basis of these beliefs is either my own direct knowledge of the legal principles and historical facts involved and with respect to which I hold myself out as an expert or statements made or documents provided to me by third parties whose veracity I reasonably assumed.

Further the Affiant sayeth naught.

At Chagrin Falls, Ohio

December 5, 2003                    _____

WALKER F. TODD (Ohio bar no. 0064539)
Expert witness for the Defendants
Walker F. Todd, Attorney at Law


## NOTARY'S VERIFICATION

At Chagrin Falls, Ohio
December 5, 2003

    On this day personally came before me the above-named Affiant, who proved his identity to me to my satisfaction, and he acknowledged his signature on this Affidavit in my presence and stated that he did so with full understanding that he was subject to the penalties of perjury.

_____
Notary Public of the State of Ohio

# UNITED STATES DISTRICT COURT
# SOUTHERN JUDICIAL DISTRICT


## DECLARATION OF SERVICE


I am over the age of 18 and I hereby attest and confirm that I personally served an Authorized Agent of

**COUNTRYWIDE, MORTGAGE LENDERS , USD COURT , ASCORP**
**IE: Donnie Knauls**

at their place of business known as 880 FRONT ST , San Diego, CA  92101, and that I served the  following documents:

**Amended First Quiet Title,  EXHIBITS 1a-b-c, boe.**

To Proof of Service,  I do hereby declare to be true and correct to the best of my knowledge and ability that I have served the party(s) named hereon with a true copy of the document within. Notice to one is notice to all.

This 24th Day Of MARCH 2008

_____  **Signature of Person Serving**