1  FRANCIS J. CUNNINGHAM III, Bar No. 60900
   DAVID S. BARTELSTONE, Bar No. 222891
2  CUNNINGHAM & TREADWELL
   Warner Center Towers, Suite 840
3  21800 Oxnard Street
   Woodland Hills, California 91367-3640
4  PH:  (818) 348-1112
   FAX: (818) 340-6772
5  email: mail@ctlaw.cc

6  Attorneys for Defendant,
   WMC MORTGAGE LLC as successor-in-interest to WMC MORTGAGE CORP.
7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  DONNIE KNAULS,                          )   CV NO. 07CV2233-DMS (NLS)
                                            )
12                  Plaintiff,              )
                                            )   NOTICE OF MOTION AND MOTION
13       vs.                                )   OF WMC MORTGAGE LLC TO
                                            )   STRIKE PORTIONS OF PLAINTIFF'S
14  WMC MORTGAGE; ASC/AMERICA'S             )   AMENDED COMPLAINT
    SERVICING COMPANY; MORTGAGE             )
15  LENDERS NETWORK USA INC;                )   [F.R.C.P. Rule 12(f)]
    COUNTRYWIDE HOME LOANS                  )
16                                          )   [Oral Argument Not Required]
                    Defendants.             )
17  _____)   Hearing:
                                                Date:     May 23, 2008
18                                              Time:       1:30 p.m.
                                                Courtroom: 10
19
                                                Honorable Dana M. Sabraw
20

21       TO THE HONORABLE DANA M. SABRAW, UNITED STATES DISTRICT JUDGE; TO

22  PLAINTIFF, AND TO ALL INTERESTED PARTIES:

23       PLEASE TAKE NOTICE that on May 23, 2008, at 1:30 p.m., or as soon thereafter as the

24  matter may be heard, in Courtroom 10 of the above-entitled Court located at 880 Front Street,

25  San Diego, California 92101, WMC Mortgage LLC as successor-in-interest to WMC Mortgage

26  Corp. ("WMC") for itself alone and for no other defendants, will move the Court for an Order

27  Striking Portions of Plaintiff's Amended Complaint, pursuant to F.R.C.P. § 12(f), because

28  / / /

                                    i

MOTION TO STRIKE [F.R.C.P. 12(f) - AMENDED COMPLAINT

1  certain portions of the "allegations" of the Amended Complaint are irrelevant, redundant, immaterial,

2  impertinent, scandalous, and improper requests for relief.

3  The Motion are based upon this Notice, the attached Memorandum of Points and Authorities,

4  the court file herein, and on such other oral and documentary evidence as may be presented at the

5  time of the hearing.

6  WHEREFORE, WMC respectfully requests that the Court strike the following portions of

7  plaintiff's complaint:

8  (1)    Amended Complaint, p. 3, l. 16-17, including all allegations referring to the

9         "Bankruptcy Reform Act;"

10  (2)   Amended Complaint, p. 3, ll. 25-26), including all allegations referring to the

11        "Supplemental Rules of Admiralty... the Law of Nations, [and the] Law and Justice;"

12  (3)   Amended Complaint, p. 7, l. 14, including all allegations referring to GAAP;

13  (4)   Amended Complaint, p. 7, l. 14, including all allegations referring to the uncertain

14        HJR-192;;

15  (5)   Amended Complaint, p. 7, l. 14, p. 12, l. 9 through p. 13, l. 5, inclusive, including all

16        allegations referring to the Uniform Commercial Code;

17  (6)   Amended Complaint, p. 7, l. 19, including all allegations referring to the

18        "international maritime contract;"

19  (7)   Amended Complaint, Exhibit "4" attached thereto, including all references to the

20        "Affidavit of Todd Walker - Expert Witness."

21  WMC requests the aforementioned portions of plaintiff's Amended Complaint by stricken in

22  their entirety, and grant such other and further relief as the Court deems just and proper.

23  Dated: April 1, 2008                    Respectfully submitted,

24                                          CUNNINGHAM & TREADWELL

25

26                                          By:_____

27                                              DAVID S. BARTELSTONE
                                                Attorneys for Defendant,
28                                              WMC MORTGAGE LLC as successor-in-
                                                interest to WMC MORTGAGE CORP.

                                          ii

1                     **MEMORANDUM OF POINTS AND AUTHORITIES**

2                              **I.  INTRODUCTION**

3       Defendant, WMC Mortgage LLC as successor-in-interest to WMC Mortgage Corp.

4 ("WMC"), is believed to have been sued in this action relating to its loan of $344,000.00 to plaintiff,

5 Donnie Knauls, on December 29, 2006, and relating to the real property located at 2360 Cypress

6 Avenue, Lemon Grove, CA , 91945.  It is believed that WMC is being sued for violations of

7 "Regulation Z Truth and Lending Action, Title 5 [sic] U.S.C. § 1635(a), Title 12 C.F.R.

8 226.23(D)(I)), although due to the completely unintelligible nature of the Complaint, WMC cannot

9 apprise itself of what violations it is alleged to have committed and to what it must defend itself

10 against.

11       The "allegations" of plaintiff's Amended Complaint relating to the "Bankruptcy Reform Act;"

12 (see, Amended Complaint, p. 3, l. 16-17);  the "Supplemental Rules of Admiralty... the Law of

13 Nations, [and the] Law and Justice," (see, Amended Complaint, p. 3, ll. 25-26); (3) GAAP, (see,

14 Amended Complaint, p. 7, l. 14); HJR-192, (see, Amended Complaint, p. 7, l. 14); the Uniform

15 Commercial Code, (see, Amended Complaint, p. 7, l. 14, p. 12, l. 9 through p. 13, l. 5, inclusive);  an

16 "international maritime contract," (Amended Complaint, p. 7, l. 19); and the "Affidavit of Todd

17 Walker - Expert Witness," (See, Amended Complaint, Exhibit "4" attached thereto), must be stricken

18 as irrelevant, redundant, immaterial, impertinent, scandalous.

19                             **II.  ARGUMENT**

20     **A.**      **RULE 12(f).**

21       Before responding to a pleading, a party may move to strike any "insufficient defense or any

22 redundant, immaterial, impertinent or scandalous matter.  (F.R.C.P. 12(f).)  A motion to strike may

23 be granted where "it is clear that the matter to be stricken could have no possible bearing on the

24 subject matter of the litigation."  (<u>LeDuc v. Kentucky Central Life Ins. Co</u> (ND CA 1992) 814

25 F.Supp. 820, 830.)

26       "Redundant" has been defined as including allegations that are wholly foreign to the issues

27 involved or the needless repetition of allegations.  (<u>Gilbert v. Eli Lilly Co., Inc</u>. (D. PR. 1972) 56

28 FRD 116, 120, fn. 4.)  "Immaterial" means the matter has no bearing on the controversy before the

1

court. (<u>Fantasy, Inc. v. Fogerty</u> (9th Cir. 1993) 984 F.2d 1524, 1527; <u>Johnson v. American Aviation Corp</u>. (D. N.D. 1974) 64 F.R.D. 435, 438-439.) "Impertinent" has been defined to include allegations that are not responsive or relevant to issues involved in the action and which could not be admitted as evidence in the action. (Id.) "Scandalous" has been defined as allegations that cast a "cruelly" derogatory light on a party or other person. (<u>Skadegaard v. Farrell</u> (D NJ 1984) 578 F.Supp. 1209, 1221; <u>Talbot v. Robert Matthews Distributing Co</u>. (7th Cir. 1992) 961 F.2d 654, 665.)

Clearly, the aforementioned portions of plaintiff's Amended Complaint have **absolutely nothing** to do with any alleged violations of Regulation Z or the Truth in Lending statutes. The aforementioned "allegations" of plaintiff's Amended Complaint must be stricken as irrelevant, redundant, immaterial, impertinent, scandalous. There are zero charging allegations as against WMC and relating to these "allegations."

### III. <u>CONCLUSION</u>

The cited portions of plaintiff's Amended Complaint are clearly improper, and lack any sufficiency or propriety in the Amended Complaint. WMC requests this Court to strike the following portions of plaintiff's Amended Complaint:

(1) Amended Complaint, p. 3, l. 16-17, including all allegations referring to the "Bankruptcy Reform Act;"

(2) Amended Complaint, p. 3, ll. 25-26), including all allegations referring to the "Supplemental Rules of Admiralty... the Law of Nations, [and the] Law and Justice;"

(3) Amended Complaint, p. 7, l. 14, including all allegations referring to GAAP;

(4) Amended Complaint, p. 7, l. 14, including all allegations referring to the uncertain HJR-192;;

(5) Amended Complaint, p. 7, l. 14, p. 12, l. 9 through p. 13, l. 5, inclusive, including all allegations referring to the Uniform Commercial Code;

(6) Amended Complaint, p. 7, l. 19, including all allegations referring to the "international maritime contract;"

/ / /

/ / /

2

1    (7)    Amended Complaint, Exhibit "4" attached thereto, including all references to the

2    "Affidavit of Todd Walker - Expert Witness."

3

4    Dated: April 1, 2008                          Respectfully submitted,

5                                                   CUNNINGHAM & TREADWELL

6

7                                                   By:_____

8                                                       DAVID S. BARTELSTONE
                                                        Attorneys for Defendant,
9                                                       WMC MORTGAGE LLC as successor-in-
                                                        interest to WMC MORTGAGE CORP.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3