FRANCIS J. CUNNINGHAM III, Bar No. 60900
DAVID S. BARTELSTONE, Bar No. 222891
CUNNINGHAM & TREADWELL
Warner Center Towers, Suite 840
21800 Oxnard Street
Woodland Hills, California 91367-3640
PH: (818) 348-1112
FAX: (818) 340-6772
email: mail@ctlaw.cc

Attorneys for Defendant,
WMC MORTGAGE LLC as successor-in-interest to WMC MORTGAGE CORP.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DONNIE KNAULS,

Plaintiff,

vs.

WMC MORTGAGE; ASC/AMERICA'S SERVICING COMPANY; MORTGAGE LENDERS NETWORK USA INC; COUNTRYWIDE HOME LOANS

Defendants.

CV NO. 07CV2233-DMS (NLS)

NOTICE OF MOTION AND MOTION OF WMC MORTGAGE LLC TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [F.R.C.P. Rule 12(b)(6)]

[Oral Argument Not Required]

Hearing:
Date: May 23, 2008
Time: 1:30 p.m.
Courtroom: 10

Honorable Dana M. Sabraw

TO THE HONORABLE DANA M. SABRAW, UNITED STATES DISTRICT JUDGE; TO PLAINTIFF, AND TO ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that on May 23, 2008, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 10 of the above-entitled Court located at 880 Front Street, San Diego, California 92101, WMC Mortgage LLC as successor-in-interest to WMC Mortgage Corp. ("WMC") for itself alone and for no other defendants, will move the Court for an Order dismissing this action pursuant to F.R.C.P. § 12(b)(6) because plaintiff's amended complaint fails to state a claim upon which relief can be granted, on the grounds that the plaintiff lacks standing to

to bring this action, and on the grounds that a 12 C.F.R. 226.23 and a 15 U.S.C 1635(a) violation can only be alleged in a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, and there are no allegations that any of the three residences which are allegedly the subject of this action are the plaintiff's principal dwelling. (See, 12 C.F.R. 226.23 and a 15 U.S.C 1635(a).) In fact, it is unlikely that all three addresses are each the plaintiff's (i.e., the consumer's), principal residence and there are no allegations that any of the addresses are plaintiff's principal place of residency. Because the transaction, as a matter of law, was not subject to a right of rescission, no relief can be obtained by plaintiff under the enumerated codes.

Furthermore, the Complaint fails to give "fair notice of what the plaintiff's claim is and the grounds upon which it rests" as required by F.R.C.P. 8(a). (See also, Conley v. Gibson (1957) 355 U.S. 41, 47-48 (overruled on other grounds at Bell Atl. Corp. v. Twombly (2007) 127 S.Ct. 1955, 1968.) The Complaint fails to state how or when these statutes were violated, whether he ever received the required disclosures, or whether he attempted to rescind the transaction within the initial three days.

The Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the court file herein, and on such other oral and documentary evidence as may be presented at the time of the hearing.

WHEREFORE, WMC respectfully requests that the Court dismiss the within filed Amended Complaint of Donnie Knauls, under Federal Rule of Civil Procedure 12(b)(6), and grant such other and further relief as the Court deems just and proper.

Dated: April 1, 2008

Respectfully submitted,

CUNNINGHAM & TREADWELL

By:________________________
DAVID S. BARTELSTONE
Attorneys for Defendant,
WMC MORTGAGE LLC as successor-in-interest to WMC MORTGAGE CORP.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant, WMC Mortgage LLC as successor-in-interest to WMC Mortgage Corp., is believed to have been sued in this action relating to its loan of $344,000.00 to plaintiff, Donnie Knauls, on December 29, 2006, and relating to the real property located at 2360 Cypress Avenue, Lemon Grove, CA , 91945. It is believed that WMC is being sued for violations of "Regulation Z Truth and Lending Action, Title 5 [sic] U.S.C. section 1635(a), Title 12 C.F.R. 226.23(D)(I)), although due to the completely unintelligible nature of the Complaint and now the Amended Complaint, WMC cannot apprise itself of what violations it is alleged to have committed, when those violations were committed, and to what it must defend itself against.

The plaintiff has alleged violations relating to three separate parcels of real property. Violations of 15 U.S.C. § 1635(a) and Title 12 C.F.R. 226.23(D)(I), can only be alleged on the "consumer's" primary residence. Without such allegation of the location of his primary residence, plaintiff cannot state a claim, as a matter of law, under the enumerated code sections.

## II. ARGUMENT

### A. RULE 12(b)(6).

Federal Rule of Civil Procedure § 12(b) provides that "[e]very defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made my motion: . . . (6) failure to state a claim upon which relief can be granted....." The Court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. If the answer is unequivocally, "no", the motion must be granted. (Conley v. Gibson (1957) 355 U.S. 41, 45-46, 78 S.Ct. 99, 102.)

#### 1. The Complaint Does Not State a Claim upon Which Relief Can Be Granted as the Plaintiff Has Not Alleged His Principal Place of Residence.

A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." (Balistreri v. Pacifica

Police Dep. (9th Cir. 1990) 901 F.2d 696, 699; Graehling v. Village of Lombard, III. (7th Cir. 1995) 58 F.3d 295, 297.)

> [I]n the case of any consumer credit transaction... in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction...

(See, 15 U.S.C § 1635(a).)

> [I]n a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction...

(See, 12 C.F.R. § 226.23(a)(1).)

In this case, plaintiff's Amended Complaint, in its entirety, fails to state a claim for violations of Regulation Z and the Truth and Lending Act, primarily and specifically because there are no allegations that the "credit transaction" in which WMC participated in with plaintiff was for his principal residence. In fact, as the grant deed attached to the request for judicial notice, the plaintiff no longer even owns the Lemon Grove property, which the WMC loan proceeds enabled the plaintiff to purchase the Lemon Grove property in December of 2006. Plaintiff has not alleged that any of the real properties are his principal place of residence, specifically the Lemon Grove property, he cannot, as a matter of law, use the enumerated codes as a basis for his lawsuit.

Because the threshold element of a Regulation Z and Truth in Lending Violation has not been alleged, this Rule 12(b)(6) motion must be granted. Plaintiff is unequivocally not entitled to relief as currently requested.

**2. Plaintiff's Amended Complaint Fails to State a Cognizable Theory of Liability as Against WMC.**

Although specifically directed by this Court to amend his complaint to include a short and plain statement of the facts giving rise to his Truth in Lending allegation, plaintiff has filed an even more confusing and confounding pleading in his attempt to assert liability against the several financial institutions named as defendants. A partial list of the confounding allegations follows:

Plaintiff appears to seek relief under the "Bankruptcy Reform Act" (see, Amended Complaint, p. 3, ll. 16-17, inclusive), "Supplemental Rules of Admiralty... the Law of Nations, [and the] Law and Justice" (see, Amended Complaint, p. 3, ll. 25-26), however, it is entirely unclear how these "rules" or "codes" apply to an apparent Regulation Z, Truth in Lending cause of action. The Plaintiff cites the principals of GAAP, HJR-192, and the UCC (see, Amended Complaint, p. 7, l. 14), and that he is a party to the "international maritime contract" (see, Amended Complaint, p. 7, l. 19), none of which are cognizable theories upon which liability can be attached as against WMC.

Plaintiff appears to argue that WMC failed to give a "letter of credit" and "defaulted to have an independent, certified account... review if lawful money was originally loaned" but these allegations, if that is what they are, do not support a Regulation Z, Truth in Lending Violation.

Plaintiff asserts that there was a "settlement agreement," a "cease and desist order" and "stipulations" but WMC cannot determine to what plaintiff is referring. (See, Amended Complaint, p. 8, ll. 27-28, inclusive; p. 19, l. 9.)

Plaintiff attaches as exhibit 4 to his Amended Complaint, the "Affidavit of Walker Todd - Expert Witness", which he alleges supports his claim as against the defendants. A cursory review of the "affidavit" however is as confounding as the entire Amended Complaint. It is impossible to determine how this affidavit even relates to this action, as it appears to have been filed by an Ohio attorney, in support of a lawsuit filed in the State of Michigan. It even appears as if the plaintiff has even doctored the content of the declaration in the areas where the underlining and bold text is located. The affidavit is completely irrelevant.

The multiple "Bill of Exchange" forms and "Bill of Acceptance" forms are completely useless in aiding WMC in determining how and why it was sued. The plaintiff appears to be offering these Bills of Exchange to the defendants (see, Amended Complaint, p. 11, ll. 16-18, inclusive), but that is not entirely clear.

The Amended Complaint speaks of "possible Grand Jury Review and possible indictments" and "counterfeited security" (see, Amended Complaint, p. 14, ll. 13-14 and l. 16, inclusive), but it is uncertain how these allegations support any recognizable legal theory.

/ / /

Plaintiff requests that the defendants "failed to disclose that the original loan was created by check book entry, which may be sold in the open market as a promissory note with no consideration to the plaintiff." (See, Amended Complaint, p. 18, ll. 11-14, inclusive.) Even if this is true, a lender's failure to disclose that a promissory note may be sold and deed of trust assigned, does not rise to the level of a Regulation Z, Truth in Lending violation.

## III. CONCLUSION

The Court's Order Granting WMC's Motion to Dismiss specifically requested that the plaintiff provide a short and plain statement of the facts giving rise to his Truth In Lending allegations. The Amended Complaint does not comply with the Court Order, nor does it state any recognizable theory of liability which may be asserted by the plaintiff. The Amended Complaint lacks any sufficiency, as a matter of law, to support the relief requested by plaintiff, and WMC prays that this court **dismiss with prejudice** the Amended Complaint, in its entirety, pursuant to Federal Rule of Civil Procedure § 12(b)(6).

Dated: April 1, 2008

Respectfully submitted,

CUNNINGHAM & TREADWELL

By:________________________

DAVID S. BARTELSTONE
Attorneys for Defendant,
WMC MORTGAGE LLC as successor-in-interest to WMC MORTGAGE CORP.