FRANCIS J. CUNNINGHAM III, Bar No. 60900
DAVID S. BARTELSTONE, Bar No. 222891
CUNNINGHAM & TREADWELL
Warner Center Towers, Suite 840
21800 Oxnard Street
Woodland Hills, California 91367-3640
PH:  (818) 348-1112
FAX: (818) 340-6772
email: mail@ctlaw.cc

Attorneys for Defendant,
WMC MORTGAGE LLC as successor-in-interest to WMC MORTGAGE CORP.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE KNAULS,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>WMC MORTGAGE; ASC/AMERICA'S SERVICING COMPANY; MORTGAGE LENDERS NETWORK USA INC; COUNTRYWIDE HOME LOANS<br><br>　　　　　　Defendants. | CASE NO. 07CV2233 DMS (NLS)<br><br>REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NOTICE OF MOTION AND MOTION OF WMC MORTGAGE LLC TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED<br><br>[F.R.C.P. Rule 12(b)(6)]<br><br>[Oral Argument Not Required]<br><br>Hearing:<br>Date:　　May 23, 2008<br>Time:　　1:30 p.m.<br>Courtroom: 10<br><br>Honorable Dana M. Sabraw |

TO THE HONORABLE DANA M. SABRAW, UNITED STATES DISTRICT JUDGE; TO PLAINTIFF; AND TO ALL INTERESTED PARTIES:

　　　　Defendant, WMC Mortgage LLC as successor-in-interest to WMC Mortgage Corp., respectfully requests that the Court take judicial notice of the following pursuant to Rule 201(b) of the Federal Rules of Evidence:

/ / /

/ / /

1

1.   Grant Deed, recorded on November 28, 2007, as Document No. 2007-0742267, in the Official Records of the County Recorder's Office, San Diego County, California. A true, correct and complete copy is attached hereto as Exhibit "1".

2.   Order Granting Defendant WMC's Motion to Dismiss, entered by this Court on March 13, 2008. A true, correct and complete copy is attached hereto as Exhibit "2".

Dated: April 1, 2008

Respectfully submitted,

CUNNINGHAM & TREADWELL

By: _____
DAVID S. BARTELSTONE
Attorneys for Defendant,
WMC MORTGAGE LLC as successor-in-interest to WMC MORTGAGE CORP.

# EXHIBIT 1

DOC # 2007-0742267

Escrow No.:
Order No.
RECORDING REQUESTED BY
WHEN RECORDED MAIL TO:

IDEAL MORTGAGE LENDERS
7107 Broadway Ave., #162
Lemon Grove, CA 91942

NOV 28, 2007    2:59 PM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J SMITH, COUNTY RECORDER
FEES:    50.00
OC    AFNF

PAGES:    3

SPACE ABOVE THIS LINE FOR RECORDER'S USE

MAIL TAX STATEMENTS TO:

DOCUMENTARY TRANSFER TAX $ GIFT
[ x ] Computed on the consideration or value of property conveyed; OR
[  ] Computed on the consideration or value less liens or encumbrances remaining at time of sale.

8411

APN -480-620-22-00

Signature of Declarant or Agent determining tax - Firm Name

## GRANT DEED

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, Donnie Knauls, A Single Man As His Sole And Separate Property
hereby GRANT(S) to IDEAL MORTGAGE LENDERS

the real property in the State of California, County of SAN DIEGO, City of LEMON GROVE described as

### SEE EXHIBIT "A"

Dated NOVEMBER 23, 2007           Donnie R. Knauls

STATE OF CALIFORNIA    )
                       )ss.
COUNTY OF SAN DIEGO    )
On November 23 before me, ARNIE M. BELLE A Notary Public personally appeared
DONNIE R. KNAULS                                             personally known to me
(or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

Signature _A. M. Belle_ A NOTARY PUBLIC

(This area for official notarial seal)

MAIL TAX STATEMENTS AS DIRECTED ABOVE



ARNIE M. BELLE
COMM. #1452987
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
My Commission Expires
NOVEMBER 24, 2007

EXHIBIT _____

Page _____

8412

5

File No: 02393509

### EXHIBIT "A"

All that certain real property situated in the County of San Diego, State of California, described as follows:

That portion of Tract No. 1370, in the City of Lemon Grove, County of San Diego, State of California, according to Map thereof No. 1370, filed in the office of the County Recorder of San Diego County, September 7, 1911, described as follows:

Beginning at the Southeast corner of said Tract;

Thence North 89° 36' West along the Southerly line of said Tract 216.25 feet to the Southeast corner of that tract of land conveyed by Harold S. McLean and Josephine McLean, husband and wife, to Carrie I. Boyd, by Deed dated July 6, 1928 and recorded in Book 1510, page(s) 218, of Deeds;

Thence North 1° 17' 10" West along the East line of the land so conveyed to Carrie I. Boyd, 839 feet to the Northwesterly corner of the land described in Deed to Reuben I. Seder, et ux, recorded June 29, 1946, in Book 2190, page(s) 385, of Official Records, said corner being the True Point of Beginning;

Thence retracing South 1° 17' 10" East 50 feet;

Thence South 89° 36' East 216.67 feet to the East line of said Tract;

Thence North 1° 15' West along said East line 50 feet to the Northeast corner of said Seder land;

Thence North 89° 36' West 216.70 feet to the True Point of Beginning.

Page 3

EXHIBIT 1

Page 4

3

# OFFICIAL CALIFORNIA NOTARIAL CERTIFICATE
## JURAT

8413

State of California

County of San Diego

Subscribed and sworn to (or affirmed) before me on this 23rd day of November 2007, by Donnie B. Knawls _____,

personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Seal

ARNIE M. BELLE
COMM. #1452987
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
My Commission Expires
NOVEMBER 24, 2007

_____ Notary Public
Signature

_____ ADDITIONAL INFORMATION _____

## DOCUMENT INFORMATION

Document Date November 23, 2007

Number of Pages _____

[ ] Placed under Oath  [ ] Placed under Affirmation  [X] Document Signed before the Notary

## TYPE OF IDENTIFICATION

[X] Personal Knowledge of the Notary Public
[ ] Satisfactory Evidence –identification card
[ ] One Credible Witness acknowledging identity of principal
[ ] Two Credible Witnesses acknowledging identity of principal

EMBOSSMENT

Copyright © 1994, All Rights Reserved, California School of Notary Public, Inc.

EXHIBIT ____

Page  5

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE KNAULS,<br><br>          Plaintiff,<br><br>vs.<br><br>WMC MORTGAGE, ASC/AMERICA'S SERVICING COMPANY MORTGAGE LENDERS NETWORK USA INC, COUNTRYWIDE HOME LOANS,<br><br>          Defendant. | CASE NO. 07CV2233-DMS (NLS)<br><br>**ORDER GRANTING DEFENDANT WMC'S MOTION TO DISMISS**<br><br>[Doc. 7, 8, 9] |

Pending before the Court are: (1) Defendant WMC Mortgage Corp ("WMC")'s motion to strike; (2) WMC's motion to dismiss; and (3) WMC's motion for an order requiring a more definite statement from Plaintiff. On March 3, 2008, the Court submitted all three motions without oral argument pursuant to Local Civil Rule 7.1(d)(1). All motions are unopposed. The motion to dismiss is granted, and the motions to strike and for a more definite statement are denied as moot.

A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep.*, 201 F.2d 696, 699 (9th Cir. 1990). Plaintiff's Complaint alleges several causes of action, including conspiracy, treason, racketeering, domestic mixed war, and violation of "Regulation Z of the Truth in Lending Act." All appear to arise out of a loan which Plaintiff may have attempted to

EXHIBIT 2
Page 6

rescind. (Compl. at 4). However, Plaintiff has not alleged any particular facts that amount to a claim. For example, Plaintiff claims Defendants violated 15 U.S.C. § 1365(a) and 12 U.S.C. § 226.23, which confer a right to rescind a loan on a principal dwelling "until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this title [], whichever is later...." 15 U.S.C. § 1365(a). This right expires after three years of the consummation of the transaction or sale of the property, whichever occurs first, regardless of whether the disclosures are delivered. 15 U.S.C. § 1635(f). Under this section, lenders must meet certain disclosure requirements, and tender property acquired in the rescinded loan transaction within a certain time.

Even construing the Complaint liberally, it fails to give "fair notice of what the plaintiff's claim is and the grounds upon which it rests" as required by Federal Rule of Civil Procedure 8(a). *See Conley v. Gibson*, 355 U.S. 41, 47-48 (1957) (*overruled on other grounds at Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968 (2007). Plaintiff has not indicated how or when these statutes were violated. Defendants therefore have no notice as to whether they are accused of failing to honor a rescission, failing to disclose the right to rescind, or failing to tender the property acquired in the rescinded loan transaction. Plaintiff has not indicated whether he ever received the disclosures, or whether he attempted to rescind within the initial three days or only within three years. Moreover, Plaintiff has not identified the property at issue, and thus has not indicated that the violation involved a primary residence as required by the statute.

For the reasons set forth above, WMC's motion to dismiss is GRANTED. The claim for violation of the Truth In Lending Act is DISMISSED WITHOUT PREJUDICE. The claims referring to the United Nations Convention, domestic mixed war, treason, racketeering, and criminal penalties are DISMISSED WITH PREJUDICE, since none of those theories confers a right of action under the circumstances. WMC's remaining motions are therefore DENIED as moot.

Plaintiff may file an amended complaint on or before March 24, 2008, which shall contain a short and plain statement of the facts giving rise to his Truth in Lending allegation. For example, if appropriate, he shall allege the dates and times of the transactions giving rise to his claim, the location

of the subject property or properties, and the specific facts that he alleges constitute violations of the Truth in Lending Act. Any amended complaint shall omit references to the United Nations Convention, domestic mixed war, treason, racketeering, and criminal penalties.[1]

**IT IS SO ORDERED.**

DATED: March 13, 2008

HON. DANA M. SABRAW
United States District Judge

---

[1] *See Moore v. Agency of Int'l Develop.*, 994 F.2d 874, 877 (D.C. Cir. 1993) (the "district court should give the *pro se* litigant at least minimal notice of our pleading requirements.")

- 3 -

07CV2233

EXHIBIT 2
Page 8