1  FRANCIS J. CUNNINGHAM III, Bar No. 60900
   DAVID S. BARTELSTONE, Bar No. 222891
2  CUNNINGHAM & TREADWELL
   Warner Center Towers, Suite 840
3  21800 Oxnard Street
   Woodland Hills, California 91367-3640
4  PH:  (818) 348-1112
   FAX: (818) 340-6772
5  email: mail@ctlaw.cc

6  Attorneys for Defendant,
   WMC MORTGAGE LLC as successor-in-interest to WMC MORTGAGE CORP.
7

8            **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  DONNIE KNAULS,                          )  CV NO. 07CV2233-DMS (NLS)
                                            )
12                      Plaintiff,          )  NOTICE OF MOTION AND MOTION
                                            )  OF WMC MORTGAGE LLC FOR
13      vs.                                 )  COURT ORDER REQUIRING MORE
                                            )  DEFINITE STATEMENT FROM
14  WMC MORTGAGE; ASC/AMERICA'S             )  PLAINTIFF
    SERVICING COMPANY; MORTGAGE             )
15  LENDERS NETWORK USA INC;                )  [F.R.C.P. Rule 12(e)]
    COUNTRYWIDE HOME LOANS                  )
16                                          )  [Oral Argument Not Required]
                        Defendants.         )
17  _____)  <u>Hearing:</u>
                                               Date:    May 23, 2008
18                                             Time:    1:30 p.m.
                                               Courtroom: 10
19
                                               Honorable Dana M. Sabraw
20

21      TO THE HONORABLE DANA M. SABRAW, UNITED STATES DISTRICT JUDGE; TO

22  PLAINTIFF, AND TO ALL INTERESTED PARTIES:

23      PLEASE TAKE NOTICE that on May 23, 2008, at 1:30 p.m., or as soon thereafter as the

24  matter may be heard, in Courtroom 10 of the above-entitled Court located at 880 Front Street,

25  San Diego, California 92101, WMC Mortgage LLC as successor-in-interest to WMC Mortgage

26  Corp. ("WMC") for itself alone and for no other defendants, will move the Court for an Order

27  Requiring a More Definite Statement from plaintiff, pursuant to F.R.C.P. § 12(e) because plaintiff's

28  complaint is completely unintelligible, vague and ambiguous.  Plaintiff has mis-cited the United

                                        i

MOTION FOR MORE DEFINITE STATEMENT [F.R.C.P. 12(e)] - AMENDED COMPLAINT

1  United States Code section under which he seeks relief.  WMC is informed and believes that plaintiff

2  intended to sue under **15** U.S.C § 1635(a) and not **5** U.S.C. § 1635(a), speaks of the exercise of his

3  rights under the "Bankruptcy Reform Act" (see, Amended Complaint, p. 3, ll. 16-17, inclusive),

4  "Supplemental Rules of Admiralty... the Law of Nations, [and the] Law and Justice" (see, Amended

5  Complaint, p. 3, ll. 25-26), although it is entirely unclear how these "rules" or "codes" apply to an

6  apparent Regulation Z, Truth in Lending cause of action.  The Plaintiff cites the principals of GAAP,

7  HJR-192, and the UCC (see, Amended Complaint, p. 7, l. 14), and that he is a party to the

8  "international maritime contract" (see, Amended Complaint, p. 7, l. 19), none of which are

9  cognizable theories upon which liability can be attached as against WMC.  The Complaint is so

10  indefinite that WMC cannot ascertain the nature of the claim being asserted.  WMC cannot apprise

11  itself of what allegations it must defendant itself, or what claims are actually being asserted by the

12  plaintiff.

13      The Motions are based upon this Notice, the attached Memorandum of Points and

14  Authorities, the court file herein, and on such other oral and documentary evidence as may be

15  presented at the time of the hearing.

16      WHEREFORE, WMC respectfully requests that the Court order plaintiff to provide a more

17  definite statement under Federal Rule of Civil Procedure 12(e), and grant such other and further

18  relief as the Court deems just and proper.

19

20  Dated: April 1, 2008                    Respectfully submitted,

21                                          CUNNINGHAM & TREADWELL

22

23  By:_____

24      DAVID S. BARTELSTONE
        Attorneys for Defendant,
25      WMC MORTGAGE LLC as successor-in-
        interest to WMC MORTGAGE CORP.

26

27

28

ii

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant, WMC Mortgage LLC as successor-in-interest to WMC Mortgage Corp., is believed to have been sued in this action relating to its loan of $344,000.00 to plaintiff, Donnie Knauls, on December 29, 2006, and relating to the real property located at 2360 Cypress Avenue, Lemon Grove, CA , 91945 ("subject property").  It is believed that WMC is being sued for violations of "Regulation Z Truth and Lending Action, Title 5 [sic] U.S.C. § 1635(a), Title 12 C.F.R. 226.23(D)(I)), although due to the completely unintelligible nature of the Amended Complaint, WMC cannot apprise itself of what violations it is alleged to have committed and to what it must defend itself against.

It appears at some points in the Amended Complaint that WMC is being sued under Bankruptcy theories (see, Amended Complaint, p. 3, ll. 16-17, inclusive), admiralty and maritime theories (see, Amended Complaint, p. 3, ll. 25-26; p. 7, l. 19 ), accounting principals and codes applicable to the sale of goods (UCC) (see, Amended Complaint, p. 7, l. 14).

## II. ARGUMENT

### A.    Rule 12(e)

A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted.  In such cases, defendant cannot reasonably be expected to frame a proper response.  (See, Famolare, Inc. v. Edison Bros. Stores, Inc. (ED CA 1981) 525 F.Supp. 940, 949; Cellars v. Pacific Coast Packaging, Inc. (ND CA 1999) 189 FRD 575, 578.)  A Rule 12(e) motion is a proper means of enforcing Rule 8's requirement that pleadings be "clear and concise."  (Anderson v. District Bd of Trustees of Central Florida Comm. College (11th Cir. 1996) 77 F.3d 364, 366.)

It appears at some points in the Amended Complaint that WMC is being sued under Bankruptcy theories (see, Amended Complaint, p. 3, ll. 16-17, inclusive), admiralty and maritime theories (see, Amended Complaint, p. 3, ll. 25-26; p. 7, l. 19 ), accounting principals and codes applicable to the sale of goods (UCC) (see, Amended Complaint, p. 7, l. 14).  This is despite the Court clearly ordering that any amended complaint of the plaintiff must contain a short and precise

1

1  statement of the Regulation Z, Truth in Lending violations that the plaintiff claims WMC committed.

2  Clearly the plaintiff has not complied with the Court's previously ruling on WMC's demurrer to the

3  Complaint, and because plaintiff's Amended Complaint again fails to set forth a cognizable theory of

4  liability as against WMC, the Amended Complaint, and this case in its entirety, should be dismissed

5  with prejudice.

6                                        III.  **CONCLUSION**

7        The Amended Complaint lacks any sufficiency, as a matter of law, to support the relief

8  requested by plaintiff, and WMC prays that this court dismiss this action in its entirety with prejudice

9  as it appears that it would be an effort in futility to attempt to obtain a more definite statement

10  pursuant to Federal Rule of Civil Procedure 12(e).

11

12  Dated: April 1, 2008                      CUNNINGHAM & TREADWELL

13

14                                        By:_____

15                                              DAVID S. BARTELSTONE
                                              Attorneys for Defendant,
16                                            WMC MORTGAGE LLC as successor-in-
                                              interest to WMC MORTGAGE CORP.

17

18

19

20

21

22

23

24

25

26

27

28

                                              2