Sanford Shatz          State Bar No. 127229
Sandy_Shatz@Countrywide.com
5220 Las Virgenes Road, MS: AC-11
Calabasas, California 91302
Telephone:   (818) 871-6062
Facsimile:   (818) 871-4669

Attorneys for Defendant Countrywide Home Loans, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE KNAULS,<br><br>           Plaintiff,<br><br>      vs.<br><br>WMC MORTGAGE, ASC/AMERICA'S SERVICING COMPANY MORTGAGE LENDERS NETWORK USA INC, COUNTRYWIDE HOME LOANS,<br><br>           Defendants. | Case No.: 07-CV-2233-DMS (NLS)<br><br>Hon. Dana M. Sabraw<br>Courtroom: 10<br><br>NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES<br>[F.R.C.P. Rule 12(f)]<br><br>[Oral Argument Not Required]<br><br>Date:      May 23, 2008<br>Time:      1:30 p.m.<br>Courtroom:  10 |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 23, 2008, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 10 of the above-entitled court located at 880 Front Street, San Diego, California 92101, defendant Countrywide Home Loans, Inc. ("Countrywide") will move the court for an order striking portions of plaintiff Donnie Knauls' ("Knauls") "Amended Complaint to Action of Quiet Title" ("FAC"), pursuant to F.R.C.P. Rule 12(f), because certain

portions of the "allegations" of the FAC are irrelevant, redundant, immaterial, impertinent, scandalous, and improper requests for relief.

This motion is based upon this notice, the attached memorandum of points and authorities, the court's file herein, and on such other oral and documentary evidence as may be presented at the time of the hearing.

WHEREFORE, Countrywide respectfully requests that the court strike the following portions of Knauls' FAC:

1. FAC, p. 3, ll. 16-17, including all allegations referring to the "Bankruptcy Reform Act";

2. FAC, p. 3, ll. 25-26, including all allegations referring to the "Supplemental Rules of Admiralty … the Law of Nations, [and the] Law and Justice";

3. FAC, p. 7, l. 14, including all allegations referring to GAAP;

4. FAC, p. 7, l. 14, including all allegations referring to the uncertain HJR-192;

5. FAC, p. 7, l. 14, p. 12, l. 9, through p. 13, l. 5, inclusive, including all allegations referring to the Uniform Commercial Code;

6. FAC, p. 7, l. 19, including all allegations referring to the "international maritime contract"; and

7. FAC, Exhibit "4", including all references to the "Affidavit of Todd Walker – Expert Witness."

Countrywide requests the aforementioned portions of Knauls' FAC be stricken in their entirety, and grant such other and further relief as the court deems just and proper.

DATED: April 3, 2008       By: _____
                               SANFORD SHATZ
                               Attorney for Defendant
                               Countrywide Home Loans, Inc.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.    INTRODUCTION.

This case arises in part out of Plaintiff Donnie Knauls' ("Knauls") default on two mortgage loans, encumbering two separate properties, which loans are currently serviced by defendant Countrywide Home Loans, Inc. ("Countrywide"). It appears that after Knauls obtained the loans and began making payments to Countrywide, he defaulted and Countrywide began foreclosure proceedings. In a desperate effort to avoid foreclosure sales on these properties, Knauls filed this action seeking to divert attention from his failure to make mortgage payments. Although this court provided Knauls with an opportunity to cure the incomprehensible allegations contained in his former Complaint, Knauls' FAC nevertheless continues to allege assorted nonsense concerning the loans, which claims are so indecipherable that Countrywide cannot begin to address them.

The "allegations" of Knauls' FAC relating to the "Bankruptcy Reform Act" (FAC, p. 3, ll. 16-17); the "Supplemental Rules of Admiralty … the Law of Nations, [and the] Law and Justice" (FAC, p. 3, ll. 25-26); "GAAP" (FAC, p. 7, l. 14); "HJR-192" (FAC, p. 7, l. 14); the "Uniform Commercial Code" (FAC, p. 7, l. 14, p. 12, l. 9, through p. 13, l. 5, inclusive); the "international maritime contract" (FAC, p. 7, l. 19); and the "Affidavit of Todd Walker – Expert Witness" (FAC, Exhibit "4"), must be stricken as irrelevant, redundant, immaterial, impertinent, and scandalous.

II.    ARGUMENT.

A.    Rule 12(f).

Before responding to a pleading, a party may move to strike any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." (F.R.C.P. 12(f).) A motion to strike may be granted where "it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." (LeDuc v. Kentucky Central Life Ins. Co. (ND CA 1992) 814 F.Supp. 820, 830.)

///

1  "Redundant" has been defined as including allegations that are wholly foreign to the
2  issues involved or the needless repetition of allegations. (Gilbert v. Eli Lilly Co., Inc. (D.PR.
3  1972) 56 FRD 116, 120, fn. 4.) "Immaterial" means the matter has no bearing on the controversy
4  before the court. (Fantasy, Inc. v. Fogerty (9th Cir. 1993) 984 F.2d 1524, 1527; Johnson v.
5  American Aviation Corp. (D. N.D. 1974) 64 F.R.D. 435, 438-439.) "Impertinent" has been
6  defined to include allegations that are not responsive or relevant to issues involved in the action
7  and which could not be admitted as evidence in the action. (Id.) "Scandalous" has been defined
8  as allegations that cast a "cruelly" derogatory light on a party or other person. (Skadegaard v.
9  Farrell (D. N.J. 1984) 578 F.Supp. 1209, 1221; Talbot v. Robert Matthews Distributing Co. (7th
10 Cir. 1992) 961 F.2d 654, 665.)

11  Clearly, the aforementioned portions of Knauls' FAC have **absolutely nothing** to do with
12 any alleged violations of Regulation Z or the Truth in Lending statutes. The aforementioned
13 "allegations" of Knauls' FAC must be stricken as irrelevant, redundant, immaterial, impertinent,
14 and scandalous. There are no charging allegations as against Countrywide and relating to these
15 "allegations".

17 III.   CONCLUSION.
18  The cited portions of Knauls' FAC are clearly improper, and lack any sufficiency or
19 propriety in the FAC. Countrywide requests this court to strike the following portions of Knauls'
20 FAC:
21   1.   FAC, p. 3, ll. 16-17, including all allegations referring to the "Bankruptcy Reform
22        Act";
23   2.   FAC, p. 3, ll. 25-26, including all allegations referring to the "Supplemental Rules
24        of Admiralty … the Law of Nations, [and the] Law and Justice";
25   3.   FAC, p. 7, l. 14, including all allegations referring to GAAP;
26   4.   FAC, p. 7, l. 14, including all allegations referring to the uncertain HJR-192;
27   5.   FAC, p. 7, l. 14, p. 12, l. 9, through p. 13, l. 5, inclusive, including all allegations
28        referring to the Uniform Commercial Code;

1  6.  FAC, p. 7, l. 19, including all allegations referring to the "international maritime contract"; and

2  7.  FAC, Exhibit "4", including all references to the "Affidavit of Todd Walker – Expert Witness."

DATED: April 3, 2008        By: _____
SANFORD SHATZ
Attorney for Defendant
Countrywide Home Loans, Inc.

|   |   |
|---|---|
| 1 | PROOF OF SERVICE |
|   | (C.C.P. section 1013a(3)) |

STATE OF CALIFORNIA )
                    ) SS.
COUNTY OF LOS ANGELES )

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 5220 Las Virgenes Road, MS: AC-11, Calabasas, California 91302.

On April 3, 2008, I served NOTICE OF MOTION AND MOTION TO STRIKE PORTIONS OF PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES on all interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Donnie Knauls                           Frances J. Cunningham, III
2360 Cypress Avenue                     David S. Bartelstone, Esq.
Lemon Grove, California 91945           Cunningham & Treadwell
                                        21800 Oxnard Street, Suite 840
                                        Woodland Hills, California 91367-3640

[X]   (BY MAIL) On April 3, 2008, I placed said envelopes for collection and mailing, following ordinary business practices, at the business offices of Countrywide Home Loans, Inc., at the address set forth above, for deposit in the United States Postal Service. I am readily familiar with the practice of Countrywide Home Loans, Inc. for collection and processing of correspondence for mailing with the United States Postal Service, and said envelopes will be deposited with the United States Postal Service on said date in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   (BY OVERNIGHT DELIVERY) On April ___, 2008, I placed said envelopes for collection and mailing, following ordinary business practices, at the business offices of Countrywide Home Loans, Inc., at the address set forth above, for deposit with Federal Express with delivery fees provided. I am readily familiar with the practice of Countrywide Home Loans, Inc. for collection and processing of correspondence for mailing with Federal Express, and said envelopes will be deposited with Federal Express on said date in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   (BY HAND DELIVERY)

[ ]   (BY FACSIMILE) On April ___, 2008, by use of facsimile machine number 818-871-4669, I served a copy of the within document(s) on the above interested parties at the facsimile numbers as indicated. The transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine.

I declare under penalty of perjury under the laws of the State of California, that the above is true and correct. Executed on April 3, 2008, at Calabasas, California.

_____
Desiree Rais