# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNIE KNAULS,<br><br>        Plaintiff,<br><br>vs.<br><br><br>WMC MORTGAGE, ASC/AMERICA'S SERVICING COMPANY MORTGAGE LENDERS NETWORK USA INC, COUNTRYWIDE HOME LOANS,<br><br>        Defendant. | CASE NO. 07CV2233-DMS (NLS)<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING REMAINING MOTIONS AS MOOT**<br><br>[Doc. 22, 23, 24, 24, 27, 29] |

  Pending before the Court are several unopposed motions to dismiss Plaintiff's amended complaint, strike portions of the complaint, or in the alternative, require a more definite statement. Plaintiff's amended complaint was filed pursuant to the Court's March 13, 2008 order dismissing Plaintiff's complaint with leave to amend, in which the Court directed Plaintiff to include in his amended complaint a "short and plain statement of the facts giving rise to his Truth in Lending allegation." (Order, March 13, 2008, Doc. 19). The Order specified that "if appropriate, [Plaintiff] shall allege the dates and times of the transactions giving rise to his claim, the location of the subject property or properties, and the specific facts that he alleges constitute violations of the Truth in Lending Act." (*Id.*). Plaintiff filed the instant amended complaint on March 24, 2008. All motions are

1  submitted without oral argument pursuant to Local Civil Rule 7.1(d)(1). The motions to dismiss are
2  granted, and the motions to strike and for a more definite statement are denied as moot.

3      A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory"
4  or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica*
5  *Police Dep.* , 201 F.2d 696, 699 (9th Cir. 1990). Even construing the Complaint liberally, it fails to
6  give "fair notice of what the plaintiff's claim is and the grounds upon which it rests" as required by
7  Federal Rule of Civil Procedure 8(a). *See Conley v. Gibson*, 355 U.S. 41, 47-48 (1957) (*overruled on*
8  *other grounds at Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968 (2007).

9      As the basis of his amended complaint, Plaintiff explicitly cites 15 U.S.C. § 1365(a) and 12
10  C.F.R. § 226.23, which confer a right to rescind a loan on a principal dwelling "until midnight of the
11  third business day following the consummation of the transaction or the delivery of the information
12  and rescission forms required under this section together with a statement containing the material
13  disclosures required under this title [], whichever is later...." 15 U.S.C. § 1365(a). This right expires
14  after three years of the consummation of the transaction or sale of the property, whichever occurs first,
15  regardless of whether the disclosures are delivered. 15 U.S.C. § 1635(f). Under this section, lenders
16  must meet certain disclosure requirements, and tender property acquired in the rescinded loan
17  transaction within a certain time.

18      However, Plaintiff's allegations do not address how or when these statutes were violated.
19  Defendants therefore have no notice as to whether they are accused of failing to honor a rescission,
20  failing to disclose the right to rescind, or failing to tender the property acquired in the rescinded loan
21  transaction. Plaintiff has not indicated whether he ever received the disclosures, or whether he
22  attempted to rescind within the initial three days or only within three years. Although Plaintiff has
23  identified properties at issue, he has not alleged that the violation involved a primary residence as
24  required by the statute. The Court cited these defects as grounds for dismissal of Plaintiff's initial
25  complaint, and notes that they still exist in the amended complaint.

26      Moreover, Plaintiff's statement of his claim is neither "short" nor "plain." Although he attaches
27  an "Affidavit of Walker F. Todd, Expert Witness for Defendants," which attempts to explain the
28  difference between "money of exchange" and "money of account" as it applies to complex banking

1 transactions, Plaintiff does not explain why this distinction is relevant to his claim. Indeed, the
2 affidavit appears to refer to a transaction that took place in 1999, not the subject transaction of
3 Plaintiff's amended complaint, which is a mortgage that Plaintiff borrowed "in and around the years
4 2006 and 2007." (AC at 6).

5 Instead, Plaintiff alleges Defendants violated Regulation Z of the Truth in Lending Act with
6 respect to a loan or series of loans that "involves real property(s); located at [certain listed addresses]."
7 The Complaint appears to allege that Plaintiff paid the loan in full using a document Plaintiff describes
8 as a "bill of exchange" because he "has no money with which to pay a debt." (Compl. at 11). Next,
9 Plaintiff alleges Defendants allegedly "failed to disclose that the original loan was created by a check
10 book entry, which may be sold in the open market as a promissory note with no consideration to the
11 plaintiff," and that in so doing, they violated the Generally Accepted Accounting Principals (GAAP).
12 (Compl. at 14). These facts do not give rise to any claim for relief under the Truth in Lending Act or
13 any other act of which the Court is aware that entitles Plaintiff to bring a private civil action in federal
14 court.

15 For these reasons, all pending motions to dismiss are GRANTED. Because Plaintiff failed to
16 correct many of the defects enumerated in the March 13, 2007 order, the Court finds leave to amend
17 would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Allen v. City of Beverly Hills*, 911 F.2d
18 367, 373 (9th Cir. 1990) ("The district court's discretion to deny leave to amend is particularly broad
19 where plaintiff has previously amended the complaint."). Plaintiff's amended complaint is therefore
20 DISMISSED WITH PREJUDICE. The remaining motions are DENIED as moot. The clerk shall
21 terminate this action.

23 **IT IS SO ORDERED.**

25 DATED: May 21, 2008

_____
HON. DANA M. SABRAW
United States District Judge